John CURNOW, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 94–189.

Supreme Court of Wyoming.

July 21, 1995.

**876**

Donald L. Painter, Casper, for appellant.

W. Thomas Sullins, II, Sp. Asst. Atty. Gen., Brown & Drew, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The question in this case is whether John Curnow (Curnow) met his statutorily imposed duty of establishing "by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment." WYO.STAT. § 27–14–502(c) (1991). The statute requires an employee to report an injury to his employer within seventy-two hours after the general nature of the injury becomes apparent and, within ten days, file the report in the office of the clerk of court. The hearing examiner found Curnow had failed to meet the statutory reporting requirements which led to "a presumption that the claim shall be denied." WYO.STAT. § 27–14–502(c). The hearing examiner also found Curnow had overcome the presumption by clear and convincing evidence insofar as demonstrating there was a lack of prejudice in investigating the accident, but Curnow had failed to demonstrate a lack of prejudice in monitoring medical treatment. Curnow sought review in the district court by a Petition for Review, and the district court ruled the decision of the hearing examiner should be affirmed since it was sustained by substantial evidence. We are satisfied the decision of the hearing examiner is supported by substantial evidence, and the Order of Affirmance entered in the district court is affirmed.

In his Appellant's Brief, Curnow presents this statement of the issues:

1. Whether Employee–Claimant failed to comply with the injury reporting provisions of § 27–14–502 W.S.1977.

2. If the foregoing issue be decided in the negative, whether Employee–Claimant's failure to so comply is excused by a lack of prejudice to the employer's rights of investigation and monitoring medical care.

In the Brief of Appellee State of Wyoming, ex rel., Wyoming Workers' Compensation Division, the single issue is stated as follows:

Whether substantial evidence exists to support the denial of Appellant–Employee's claims for worker's compensation benefits based upon the failure of Appellant–Employee to report the occurrence and general nature of his alleged job-related injury in accord with the requirements of W.S. § 27–14–502.

Curnow went to work for WOTCO, Inc. (WOTCO) in 1990. In his employment at WOTCO, his primary duties were working as a grinder. He used a twelve-inch grinder weighing ten to fifteen pounds, which he had to hold with both hands in front of him or out to his side in order to do his work. His job was to grind off excess weld and other metal obtrusions from parts being built. He also was assigned other duties from time to time.

Curnow first began experiencing difficulty with his wrists in December of 1992. These problems continued, and he went to see an orthopedic physician on July 6, 1993, at which time Curnow identified the date of his injury as "12–1–92." Curnow described his injury as "carpal tunnel" and indicated it was work related. According to the physician's notes, Curnow reported problems relating to both hands, including numbness and tingling in his hands, but more on the dorsum than the volar aspect. The physician prescribed anti-inflammatory medication and advised Curnow to return in five weeks for re-evaluation. Subsequently, in August, two electronic studies indicated mild to moderate carpel tunnel syndrome. Curnow was placed upon prescribed medication and given a prescription for braces to use in his work.

Curnow did not report this injury to his employer until September 14, 1993 and, on September 24, 1993, Curnow filed the Report of Occupational Injury or Disease with the Clerk of the District Court in Natrona Coun-

ty. In that report, Curnow identified the date of his injury as December of 1992. After that, claims for medical and other health-related expenses were presented for payment under the Wyoming Worker's Compensation Act (Wyo.Stat. §§ 27–14–101 to –805 (1991 & Supp.1994)). WOTCO objected to the award of benefits, questioning whether Curnow's symptoms were work related. Ultimately, the Workers' Compensation Division (Division) joined in the objection to the award of benefits, and a letter was directed to Curnow which noted that WOTCO had expressed concerns as to why Curnow began seeing the health care provider in July of 1993, but failed to inform the employer until approximately three months later. The Division denied the award of benefits, to which Curnow objected, and a contested case hearing was held.

The hearing examiner found Curnow suffered from carpal tunnel syndrome which most likely was work related and arose out of his employment with WOTCO. The hearing examiner also found the general nature of the injury at issue was apparent to Curnow, and he was aware, on July 6, 1993, that the injury was related to his employment. The hearing examiner then found that Curnow had reported the injury to his employer on September 14, 1993 and had filed the requisite workers' compensation report on September 24, 1993. This was followed by a finding that he had not reported the occurrence and general nature of the accident or injury to his employer within seventy-two hours after it became apparent, and he had failed to file a report in the office of the clerk of court within ten days after the injury became apparent.

The specific finding which captures the issue in this case was that WOTCO and the Division were not prejudiced in their ability to investigate the accident and injury as a result of the failure of Curnow to make a timely report, but they were prejudiced in their ability to monitor the medical treatment being received by Curnow. In his conclusions of law, the hearing examiner noted the failure to report resulted in the presumption that the claim should be denied, but he concluded Curnow had established by clear and convincing evidence a lack of prejudice with respect to investigation of the accident and injury. He then concluded Curnow had failed to establish by clear and convincing evidence a lack of prejudice to the employer and the Division in monitoring medical treatment, and the presumption that the claim should be denied had not been overcome.

Curnow, by a Petition for Review sought and obtained judicial review in the district court of the Seventh Judicial District in and for Natrona County. The district court, in a decision letter which was followed by an Order of Affirmance, ruled there was substantial evidence to support the findings, conclusions, and order of the hearing examiner and the decision of the Office of Administrative Hearings was affirmed. Curnow has appealed from the Order of Affirmance.

The primary substantive rules in this case are found in Wyo.Stat. § 27–14–502 which provides, in pertinent part:

(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall report the occurrence and general nature of the accident to the employer and within ten (10) days after the injury became apparent, file the report in the office of the clerk of court of the county in which the accident occurred.

\* \* \* \* \* \*

(c) Failure of the injured employee, any dependent or personal representative to report the accident to the employer and to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment.

While Curnow argues his claims may have been timely under the statute, we have held the term "injury" in the statute alludes to a compensable injury. *Big Horn Coal Co. v. Wartensleben*, 502 P.2d 187 (Wyo.1972). Our rule is that the injury becomes compensable when it is properly diagnosed. *Little Amer-*

ica Refining Co. v. Witt, 854 P.2d 51 (Wyo. 1993). In W.E. Bill Sauer's Drilling Co. v. Gendron, 720 P.2d 909 (Wyo.1986), we quoted from Big Horn Coal Co. the proposition that the knowledge of an employee that he has suffered an injury which can result in, or is likely to cause, a compensable disability is a factual determination for the finder of fact. We are satisfied Curnow knew he had suffered a compensable injury at least on July 6, 1993, after his visit with the orthopedic physician. There is substantial evidence in the record to support the determination of the hearing examiner that the compensable injury was known at that time, and Curnow's filings were not timely.

█ The hearing examiner then properly invoked the presumption found in WYO.STAT. § 27–14–502(c) and turned his attention to the sufficiency of evidence in the record to rebut that presumption. The hearing examiner concluded that the record, by clear and convincing evidence, established a lack of prejudice to the employer or Division in investigating the accident. As we understand the record leading to that conclusion, it simply establishes that this was a progressive injury occurring over a period of time, and there was no disadvantage to the employer or the division with respect to an investigation.

The critical aspect of the case was then reached. The hearing examiner found Curnow had not established by clear and convincing evidence a lack of prejudice to the employer or the Division in monitoring medical treatment. The Division, through the assistant human resources manager at WOTCO, established WOTCO had a policy of requiring the report of any accident or injury during the shift in which it occurred. It was WOTCO's policy to follow up by investigating accidents or causes of difficulty. A part of the job of the assistant human resources manager was to determine what the problem was and work with an employee and a doctor to find out what could be done to lessen the problem. WOTCO also had a policy of monitoring health care treatment. In this instance, WOTCO, because of the tardy reporting, was not aware medication was being prescribed. It did not know braces had been prescribed for Curnow, and it had no opportunity to monitor the decision of Curnow not to use braces. The assistant human resources manager testified there were several different styles of braces which potentially would have been useful to Curnow.

It is clear WOTCO had an affirmative policy of monitoring the health care of its employees in situations such as this and assisting in whatever ways were possible to permit an adjustment to the working conditions. That monitoring, obviously, was more proactive than simply knowing what the health care provider was doing. It also extended to affirmative assistance in working with the problem. This information in the record provided substantial evidence before the hearing examiner of prejudice to the employer and to the Division, through the employer, in monitoring Curnow's medical treatment. Curnow offered nothing in the record to counteract this evidence, and we agree with the district court that substantial evidence supports the determination by the hearing examiner that Curnow did not establish "by clear and convincing evidence a lack of prejudice to the employer or division * * * in monitoring medical treatment."

We are satisfied that, under our applicable rule with respect to judicial review of agency action, there is substantial evidence to support the determination of the hearing examiner in the critical respects. The requirements of WYO.STAT. § 16–3–114(c) (1990) have been satisfied. Hepp v. State ex rel. Wyoming Workers' Compensation Div., 881 P.2d 1076 (Wyo.1994); State ex rel. Wyoming Workers' Compensation Div. v. White, 837 P.2d 1095 (Wyo.1992). We cannot substitute our judgment for that of the agency in view of the presence of substantial evidence. Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873 (Wyo.1994); Sinclair Trucking v. Bailey, 848 P.2d 1349 (Wyo.1993). We do not find in the record, or in Curnow's brief, any suggestion of arbitrary or capricious treatment of Curnow's case. There was no abuse of discretion nor any indication that the decision was otherwise not in accordance with law.

The Order of Affirmance entered in the district court, which approved the Order De-

nying Benefits by the hearing examiner, is affirmed.