In the Matter of the Workers' Compensation Claim of:

Todd L. BORELSON, Appellant (Employee–Claimant),

v.

HOLIDAY INN, Appellee (Employer–Objector),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Defendant).

No. 95–70.

Supreme Court of Wyoming.

Feb. 20, 1996.

Dan Davis, Gillette, for appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Jennifer A. Evans, Assistant Attorney General, Cheyenne, for appellee State of Wyoming, ex rel. Workers' Compensation Division.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and GRANT, District Judge.

GRANT, District Judge.

A hearing examiner denied Appellant's claim for workers' compensation benefits because he was unable to rebut the statutory presumption that the claim be denied due to late filing. Concluding that there is evidence in the record to support the hearing examiner's findings and no error in his conclusions, we affirm the decision.

Appellant filed a claim on June 14, 1994, for payment of medical expenses for removal of a piece of meat from his esophagus which he said became lodged there on April 26, 1994, when at work he ate a left-over banquet meal given to him by the cook. In conflict with Appellant's testimony was that of the cook in which he testified he did not remember doing so. Others testified that they were present at the time of the alleged incident and saw no indication that it occurred. Others said they remembered no such incident.

WYO.STAT. § 27–14–502 (1991) requires that a claimant report an injury to the employer within seventy-two hours and file a report of the injury with the clerk of the district court within ten days, failing which there is a presumption that the claim will be denied. The presumption may be rebutted by clear and convincing evidence that the employer is not prejudiced by the delay. WYO.STAT. § 27–14–502(c) (1991). The evidence was in conflict as to whether the incident occurred as described by Appellant. Certainly, it did not meet the standard of clear and convincing evidence necessary to rebut the statutory presumption.

The hearing examiner's conclusion that the late filing and the resultant ambiguity in the evidence prejudiced the employer is supported by the record and is a proper application of the cited statute. Appellant and the

cook gave conflicting testimony and others who might have provided corroboration were unable to remember. It is a reasonable inference that a timely report would have enabled the employer to interview the employees at a time much closer to the incident and thus obtain more reliable information.

There was not clear and convincing evidence to the contrary.

We affirm.