Gladys June CLARK, Appellant
(Petitioner),

v.

STATE of Wyoming ex rel. WYOMING
WORKERS' SAFETY AND COMPEN-
SATION DIVISION, Appellee (Respon-
dent).

No. 98–132.

Supreme Court of Wyoming.

Dec. 7, 1998.

Donald L. Painter, Casper, Wyoming, for the Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Robert L. Lanter, Senior Assistant Attorney General, for the Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

MACY, Justice.

A hearing examiner from the Office of Administrative Hearings denied the claim presented by Appellant Gladys Clark (the employee) for worker's compensation benefits. The employee petitioned the district court for a review of the hearing examiner's decision, and the district court affirmed the decision. The employee appealed from the district court's order to the Wyoming Supreme Court.

We affirm.

## ISSUES

The employee presents the following issues on appeal:

1. Whether the hearing examiner properly excluded hearsay testimony.

2. Whether the hearing examiner correctly interpreted and applied W.S.1977 § 27–14–502.

## FACTS

The employee worked in a convenience store operated by Cenex Petroleum, Inc. (the employer). In February of 1996, the employee injured her back when she slipped and fell while she was carrying trash to a receptacle located outside the store. The employee verbally reported the accident to the assistant manager later that day. In early July 1996, she told the store manager that she was going to take some vacation time later that month to "find out what was wrong" with her back. The manager asked the employee whether she was going to file a worker's compensation claim or she was going to use the private insurance that the employer provided. The employee elected to use the private insurance because, under that option, the employer would pay her seventy-five percent of her wages for up to six months if she was not able to work.

The employee worked until July 17, 1996, at which time she left work to seek medical treatment. She ultimately had surgery done on her injured back. The employer paid her seventy-five percent of her wages until January 1997. After the employer stopped paying her wages, the employee returned to work for a short time, but her injury prevented her from continuing to work.

The employee filed an injury report in June 1997. The Division of Workers' Safety and Compensation (the division) denied the employee's claim for worker's compensation benefits because the employee did not file her injury report in a timely manner. The employee requested a hearing, and the division referred the case to the Office of Administrative Hearings.

A hearing examiner held a contested case hearing on October 9, 1997. After the hearing, the hearing examiner ruled that the employee did not file her injury report with the clerk of court in a timely fashion and that, under WYO. STAT. § 27–14–502(c) (1991), a presumption arose that the employee's claim should be denied. The hearing examiner stated that the employee did not meet her burden of rebutting the presumption by producing clear and convincing evidence to show that the employer and the division were not prejudiced by her late filing. The hearing examiner, therefore, denied the employee's claim for worker's compensation benefits.

The employee filed a petition for review with the district court, and that court affirmed the hearing examiner's decision. The employee then perfected her appeal to the Wyoming Supreme Court.

## DISCUSSION

 When the Wyoming Supreme Court considers an appeal from a district court's review of a hearing examiner's decision, we scrutinize the case as if it had come directly from the administrative agency, and we do not accord deference to the district court's determination. *Shaffer v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 960 P.2d 504, 506 (Wyo. 1998). WYO. STAT. ANN. § 16–3–114(c) (Michie 1997) governs our review of an agency action. W.R.A.P. 12.09(a). We do not inter-

* Chief Justice at time of expedited conference; retired November 2, 1998.

fere with an agency's findings of fact unless they are clearly contrary to the overwhelming weight of the evidence. *Weaver v. Cost Cutters*, 953 P.2d 851, 855 (Wyo.1998). We do not, however, defer to the hearing examiner's conclusions of law. *Shaffer*, 960 P.2d at 506; *Newton v. State ex rel. Wyoming Workers' Compensation Division*, 922 P.2d 863, 864 (Wyo.1996).

■ We will consider the employee's issues in reverse order so that we can simplify the discussion of the legal issues in this case. In her second issue, the employee contends that the hearing examiner did not correctly interpret and apply WYO. STAT. § 27–14–502 (1991). We do not agree with the employee; the hearing examiner's interpretation and application of § 27–14–502 were correct.

The legislature amended § 27–14–502 in 1996, and the amendment became effective on January 1, 1997. An employee's claim for worker's compensation benefits is governed by the law that was in effect when her injury occurred. *State ex rel. Wyoming Workers' Compensation Division v. Jacobs*, 924 P.2d 982, 984 (Wyo.1996). Because the employee was injured in February 1996, the earlier version of the statute applied to her claim.

When the employee was injured, § 27–14–502 provided in relevant part:

(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall report the occurrence and general nature of the accident to the employer *and* within ten (10) days after the injury became apparent, file the report in the office of the clerk of court of the county in which the accident occurred....

. . . .

(c) Failure of the injured employee ... to report the accident to the employer *and* to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating

the accident and in monitoring medical treatment.

(Emphasis added.) The employee contends that § 27–14–502 did not require her to make timely reports to both the employer and the clerk of court in order to avoid the presumption that her claim should be denied. She asserts that, although she did not file her injury report until more than a year after she was injured, she complied with § 27–14–502(a) by verbally reporting her injury to her employer on the day that it occurred. The employee contends, therefore, that the hearing examiner should not have applied the presumption specified in § 27–14–502(c).

Our function is to give effect to the plain language of the statute and to give meaning to each word, clause, and sentence in the statute. *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). The legislature used the conjunctive term "and" in subsections (a) and (c) of § 27–14–502. It, therefore, required employees to make two reports within the statutory time periods: one to the employer and one to the clerk of court.

We recognized this dual reporting requirement in *Borelson v. Holiday Inn*, 911 P.2d 426 (Wyo.1996). "WYO. STAT. § 27–14–502 (1991) requires that a claimant report an injury to the employer within seventy-two hours *and* file a report of the injury with the clerk of the district court within ten days, failing which there is a presumption that the claim will be denied." 911 P.2d at 426 (emphasis added). The logic of requiring both reports to be made in a timely manner is apparent. An employee's timely reports give both the employer and the division the opportunity to investigate the accident and to monitor the employee's medical treatment. *Zielinske v. Johnson County School District No. 1*, 959 P.2d 706, 711 (Wyo.1998); *Neal v. Caballo Rojo, Inc.*, 899 P.2d 56, 61 (Wyo. 1995).

We conclude that, under § 27–14–502(a), the employee was required to report her injury to her employer and to file a report with the clerk of court within the statutory time periods. The employee did not file her report with the clerk of court within ten days after her injury became apparent, and the

hearing examiner correctly determined that, under § 27–14–502(c), the employee's tardiness in filing her report raised the presumption that her claim should be denied. The employee could have rebutted the presumption by presenting clear and convincing evidence that demonstrated the employer and the division were not prejudiced by her late report. We have not found any evidence in the record that shows the employee attempted to rebut the presumption. In fact, the employee does not argue on appeal that she presented evidence to rebut the presumption. The hearing examiner, therefore, correctly denied her claim for worker's compensation benefits.

We turn now to the employee's first issue. She maintains that the hearing examiner erred by failing to allow hearsay to be admitted into evidence at the contested case hearing. A hearing examiner has discretion in determining whether or not evidence is admissible at a contested case hearing. *Goddard v. Colonel Bozeman's Restaurant*, 914 P.2d 1233, 1238 (Wyo.1996). A hearing examiner abuses his discretion when his decision shocks the conscience of the court and is so unfair and inequitable that a reasonable person could not tolerate it. *Id.; State ex rel. Wyoming Workers' Compensation Division v. Rivera*, 796 P.2d 447, 451 (Wyo.1990).

Hearsay evidence is admissible in an administrative proceeding when it satisfies the requirements of WYO. STAT. ANN. § 16–3–108(a) (Michie 1997) and is "probative, trustworthy and credible." *Story v. Wyoming State Board of Medical Examiners*, 721 P.2d 1013, 1018 (Wyo.1986). *See also Goddard*, 914 P.2d at 1238. Under § 16–3–108(a), "irrelevant, immaterial or unduly repetitious evidence" is excluded from administrative hearings. *Goddard*, 914 P.2d at 1238.

In this case, the employee's attorney attempted to elicit testimony from the employee with regard to what a former manager had told her about the employer's policy on work-related injuries. The division objected to the testimony, claiming that it was hearsay, and the hearing examiner sustained the objection. The employee's attorney made an offer of proof, stating that the evidence was necessary to show the employer encouraged injured workers to file claims with the employer's insurance company rather than with the division so that the employer's worker's compensation insurance premiums would not be increased. On appeal, the employee asserts that the evidence would have shown that the employer misled her about her right to seek worker's compensation benefits. She apparently contends that, because she was misinformed, the division should be estopped from denying her claim. *See, e.g., Bauer v. State ex rel. Wyoming Worker's Compensation Division*, 695 P.2d 1048 (Wyo.1985).

The hearing examiner excluded the testimony from evidence at the contested case hearing, stating: "Now, I'm going to sustain the objection to that offer of proof. I believe there's been testimony already offered by the claimant regarding her knowledge of [the employer's] procedure and the fact that she could file her claim with Workers' Comp." Although the hearing examiner did not use the language set out in § 16–3–108(a) in stating her reasons for excluding the evidence, her statement seems to indicate that, when she considered that evidence in the context of the other evidence in the case, she deemed it to be irrelevant and immaterial.

The employee testified that she was aware that she could apply for worker's compensation benefits. In fact, she had received worker's compensation benefits for two prior injuries. The employee also testified that neither the store manager nor the assistant manager told her not to file a worker's compensation claim for her current injury. Accordingly, no basis existed in this case to estop the division from denying the employee's claim. The hearing examiner did not abuse her discretion by excluding the evidence because it was irrelevant and immaterial.

Affirmed.