991 P.2d 1242 (1999)
In the Matter of the Worker's Compensation Claim of:
Gary L. BEITEL, Appellant (Employee/Petitioner),
v.
The STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector/Respondent).
No. 99-88.
Supreme Court of Wyoming.
December 7, 1999.
*1244 Representing Appellant: F. Gaston Gosar of Nicholas Law Office, LLC, Riverton, Wyoming.
Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.
MACY, Justice.
Appellant Gary Beitel (the employee) applied for worker's compensation benefits, and the hearing examiner denied his claim. The employee petitioned the district court for a review of the hearing examiner's decision, and that court affirmed. The employee then perfected his appeal to the Wyoming Supreme Court.
We affirm.

ISSUES
The employee presents the following issues for our review:
1. Did the Hearing Examiner err when he found that Mr. Beitel was required to notify his employer and the Division about his back condition on the date of occurrence and not the day of diagnosis?
2. If the injury was apparent on the date of occurrence, did Mr. Beitel overcome the presumption of a late filing when his employer testified he knew of the injury and was not prejudiced by Mr. Beitel's filing for workers' compensation benefits after his doctor diagnosed a herniated disc?
3. Is the Division required to present evidence to support its claim of prejudice for a late filing after the Employee/Claimant demonstrates there are no facts to support prejudice?

FACTS
The employee was a heavy equipment operator for the Sweetwater County Road and Bridge Department in Rock Springs. He was attempting to change the steel blades on a motor grader on October 9, 1996, when he felt a pull in his back and pain in his right buttock. The employee told some of his co-employees that day about the incident, but he did not report the injury to his supervisor until October 17, 1996.
In January and February of 1997, the employee received treatment from a chiropractor for pain in his right buttock and leg. His pain worsened, and he sought treatment from a medical doctor on March 14, 1997. Medical tests revealed that the employee had a herniated disc in his back, and he underwent surgery to repair the condition.
The employee filed his injury report with the Wyoming Workers' Safety & Compensation Division (the division) on March 18, 1997. The division denied the employee's claim for worker's compensation benefits on the ground that he did not file his injury report within the statutory time period. The employee objected to the division's determination, and the division referred the case to the Office of Administrative Hearings.
A hearing examiner held a contested case hearing and subsequently ruled that the employee's injury report was untimely and that he had not overcome the presumption that his claim should be denied. The employee petitioned the district court for a review of the hearing examiner's decision, and the district court affirmed. The employee appealed to this Court.

DISCUSSION

A. Standard of Review
Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999) governs judicial review of administrative decisions. W.R.A.P. 12.09(a); Everheart v. S & L Industrial, 957 P.2d 847, 851 (Wyo. 1998). We review an administrative agency's findings of fact by applying the *1245 substantial evidence standard. DeWall v. State ex rel. Wyoming Workers' Safety and Compensation Division, 960 P.2d 502, 503 (Wyo. 1998). Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. Id. In reviewing an agency's decision that a party did not meet his burden of proof, we determine whether the ruling was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Helm v. State ex rel. Wyoming Workers' Safety and Compensation Division, 982 P.2d 1236, 1240 (Wyo.1999); Pederson v. State ex rel. Wyoming Workers' Compensation Division, 939 P.2d 740, 742 (Wyo.1997). We review an agency's conclusions of law de novo. US WEST Communications, Inc. v. Wyoming Public Service Commission, 989 P.2d 616, 618 (Wyo.1999).

B. Timeliness of Injury Report
The employee contends that the hearing examiner erred when he found that the employee did not report his injury to the division within the statutory time period. Appellee State of Wyoming ex rel. Wyoming Workers' Compensation Division (the state) argues that the hearing examiner correctly determined that the employee's injury report was not timely. We agree with the state.
An employee's claim for worker's compensation benefits is governed by the law that was in effect when the injury occurred. Clark v. State ex rel. Wyoming Workers' Safety and Compensation Division, 968 P.2d 436, 438 (Wyo.1998). Wyo. Stat. Ann. § 27-14-502 (LEXIS 1999) delineates the deadlines for reporting work-related injuries. The legislature amended § 27-14-502 in 1996, and the amendment became effective on January 1, 1997. The employee in this case was injured on October 9, 1996; therefore, the earlier version of § 27-14-502 applied to his claim. Nissen v. Cheyenne Frontier Days, Inc., 983 P.2d 722, 725 (Wyo.1999); Clark, 968 P.2d at 438. Wyo. Stat. Ann. § 27-14-502 (Michie 1991) (amended 1996) stated in pertinent part:
(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall report the occurrence and general nature of the accident to the employer and within ten (10) days after the injury became apparent, file the report in the office of the clerk of court of the county in which the accident occurred. . . .
. . . .
(c) Failure of the injured employee . . . to report the accident to the employer and to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment.
Under § 27-14-502(a), an employee's duty to report a work-related injury commences when the general nature of his injury becomes apparent. We have stated that an injury is apparent when the employee knows "`that he has suffered an injury which can result in, or is likely to cause, a compensable disability.'" Zielinske v. Johnson County School District No. 1, 959 P.2d 706, 709 (Wyo.1998) (quoting Curnow v. State ex rel. Wyoming Workers' Compensation Division, 899 P.2d 875, 878 (Wyo.1995)). The determination of when an injury became apparent is a question of fact. Id. We, therefore, defer to the hearing examiner's decision if it is supported by substantial evidence. DeWall, 960 P.2d at 503.
The employee contends that the general nature of his injury did not become apparent until he was told that he had a herniated disc. In Zielinske, we held that the duty to report an injury commenced when the doctor determined that Zielinske had a work-related respiratory condition. 959 P.2d at 710. In that case, there initially was some question about the cause of Zielinske's respiratory symptoms. Id. The employee in the case at bar, however, was not faced with a situation like the one presented in Zielinske. He was aware that he was injured while changing the grader blades, and he related that information to his doctors.
*1246 The record in this case reveals that the employee felt a pull in his back and a pain in his buttocks on October 9, 1996, when he was changing the grader blades. He discontinued changing the grader blades and sat down to rest. He subsequently told his co-workers about the incident. The employee continued to experience pain in his right buttock, and that prompted him to verbally report the incident to his supervisor on October 17, 1996. The employee took time off work because of pain associated with the October 9, 1996, incident. He testified at the contested case hearing that he began to experience pain in his leg in December 1996 and that he received chiropractic treatments in January and February of 1997 for his symptoms.
The hearing examiner determined that the injury most likely became apparent to the employee when the injury occurred on October 9, 1996. The hearing examiner stated that, in any event, the injury was definitely apparent to the employee when he sought treatment from a chiropractor. We conclude that substantial evidence supported the hearing examiner's findings, and we will not substitute our judgment for his. It is undisputed that the employee did not report the injury to the division within ten days after he visited the chiropractor. Consequently, the hearing examiner properly concluded that the employee did not report his injury to the division within the time period set out in § 27-14-502(a).

C. Prejudice to Employer and Division
Pursuant to § 27-14-502(c), a late filing of an injury report raises a presumption that the claim should be denied. The presumption may, however, be rebutted "if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment." Section 27-14-502(c). The employee argues that he effectively rebutted the presumption that his claim should be denied. He maintains that, under the plain language of § 27-14-502(c), he was required to present clear and convincing evidence of a lack of prejudice to either his employer or the division, but not to both, to overcome the presumption. He maintains that the term "or" should be read in the disjunctive sense and that, because the evidence showed that his employer was not prejudiced by the late filing, he was not required to show that the division was not prejudiced. The state argues that the hearing examiner's interpretation of the statute and his conclusion that the employee did not rebut the presumption were correct. We agree with the state.
In order to resolve this issue, we must interpret § 27-14-502(c). This Court interprets statutes by giving effect to the legislature's intent. Clark, 968 P.2d at 438; State Department of Revenue and Taxation v. Pacificorp, 872 P.2d 1163, 1166 (Wyo. 1994). We begin by making an "`inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.'" Parker Land and Cattle Company v. Wyoming Game and Fish Commission, 845 P.2d 1040, 1042 (Wyo.1993) (quoting Rasmussen v. Baker, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia. Pacificorp, 872 P.2d at 1166; see also Parker Land and Cattle Company, 845 P.2d at 1042.
The employee correctly states that the term "or" is generally used in the disjunctive sense. Olsten Staffing Services, Inc. v. D.A. Stinger Services, Inc., 921 P.2d 596, 600 (Wyo.1996). There are, however, instances where the term may be interpreted as a conjunction in order to harmonize the relevant statutory provisions. Id. We discussed the alternative uses of the term "or" in Olsten Staffing Services, Inc.:
"Webster defines `or' as a function word to indicate (1) an alternative between different or unlike things, states or actions; (2) choice between alternative things, states or courses. The word `or' is ordinarily used as a disjunctive generally corresponding to `either' as `either this or that.' Where two clauses or phrases are expressed in the disjunctive, they are coordinate and either is applicable to any situation to which its terms relate. Generally, use of the disjunctive *1247 indicates alternatives and requires separate treatment of those alternatives, hence a clause following a disjunction is considered inapplicable to the subject matter of the preceding clause. (Citations omitted.)"
[Voss v. Ralston (Adoption of Voss), 550 P.2d 481, 485 (Wyo.1976).] We also have discussed using "or" as a conjunctive:
"The contention that the word `or' should be read as conjunctive rather than alternative in the context of this statute is contrary to the rule of statutory construction generally espoused by this court. The word `or' usually is used in a disjunctive sense and can be interchanged with the word `and' only when necessary to harmonize the provisions of a statute."

Amoco Production Co. v. Bd. of Comm'rs of Carbon County, 876 P.2d 989, 993 (Wyo. 1994).
Id.
Pursuant to § 27-14-502(a), an injured employee is required to make a timely report of his injury to both his employer and the division. Clark, 968 P.2d at 438. We remarked in Clark that it is important that both the employer and the division receive a timely injury report so that each party has an opportunity to investigate the accident and monitor the employee's medical treatment. Id. The fact that the employer and the division are entitled to separate reports strongly implies that, in a case where both the division and the employer have elected to participate in the contested case, the injured employee should be required to show that neither the employer nor the division was prejudiced by the late reports.
The district judge properly harmonized subsections (a) and (c) of § 27-14-502 in his order affirming the hearing examiner's decision:
The provisions for Workers' Compensation contested cases contemplate that three parties may be involved in a contested case: (1) the injured worker, (2) the employer, and (3) the division. See W.S. § 27-14-602. If those three parties were involved in a contested case, as they were here, it would make no sense for the worker to meet his burden of showing a lack of prejudice for late filing under W.S. § 27-14-502(c) with respect to only one of the adverse parties. That situation would allow a worker to succeed in his late-filed claim for benefits by showing a lack of prejudice with respect to one party to the dispute when the other party was prejudiced by the late filing. This result would defeat the purpose of W.S. § 27-14-502, preventing the receipt of benefits by a worker who prejudiced his employer or the division in investigating the injury by delaying in his notice of injury.
To harmonize the statutory scheme pursuant to Amoco [Production Company, 876 P.2d at 993], the "or" in W.S. § 27-14-502(c) must be read in the disjunctive when only one party disputes a worker's claim for benefits. In that situation whichever party is disputing the worker's claim for benefits, either the division or the employer, must be shown by the worker [not] to have been prejudiced by the worker's late notice of injury. Conversely, if both the division and the employer are disputing a worker's claim, W.S. § 27-14-502(c) must be read in the conjunctive. In that situation, the worker must show that neither the employer nor the division [was] prejudiced by the worker's late notice of injury.
We agree with the district court's interpretation of the statute and conclude that the hearing examiner properly determined that the employee was required to show that neither his employer nor the division was prejudiced by the late injury report.
The employee also argues that, after he demonstrated that there were no facts to support a finding of prejudice, the division was required to present evidence showing that it was prejudiced by the late filing. "Initially, we note that neither the employer nor the Division [was] required to show prejudice. The legislature squarely placed the burden on the claimant to show by clear and convincing evidence that no prejudice occurred." Zielinske, 959 P.2d at 710. Contrary to the employee's assertion, evidence was presented to support a finding that the division was prejudiced by his late filing. *1248 The employee was treated by a chiropractor before he filed his injury report. The division did not receive information from the chiropractor about the employee's injury and medical treatment until several months after the employee was treated, and the information received from the chiropractor was, arguably, incomplete. The employee also indicated that he possibly reinjured his back or exacerbated the October 9, 1996, injury while he was changing the tires on his grader in December 1996. This evidence demonstrates that the division's ability to investigate the accident and monitor the employee's medical treatment was hampered by the late filing of the injury report. We conclude, therefore, that the hearing examiner's determination that the employee did not present clear and convincing evidence to demonstrate that the division was not prejudiced by his late injury report was correct. The hearing examiner's ruling that the employee did not meet his burden of proof was not arbitrary, capricious, or an abuse of discretion and was otherwise in accordance with the law.
Affirmed.