2001 WY 59

**STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Petitioner),**

v.

**Sheila L. GARL, Appellee (Respondent).**

**No. 00–225.**

Supreme Court of Wyoming.

July 6, 2001.

Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney

General; and David L. Delicath, Assistant Attorney General, Representing Appellant.

Bill G. Hibbler, Cheyenne, WY, Representing Appellee.

Before LEHMAN, C.J.; GOLDEN, HILL, and KITE, JJ.; and DAN SPANGLER, D.J. (RET.).

KITE, Justice.

[¶ 1] The State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division (the division) challenged an award of benefits in favor of Sheila L. Garl. Following a hearing, the hearing examiner found Ms. Garl proved she suffered an injury for the purposes of the Wyoming Worker's Compensation Act; however, Ms. Garl failed to meet the timeliness requirement of Wyo. Stat. Ann. § 27–14–502(a) (LEXIS 1999). Nevertheless, the hearing examiner concluded Ms. Garl established a lack of prejudice to her employer and the division by clear and convincing evidence and, therefore, overcame the presumption of claim denial. The division filed a Petition for Judicial Review in the district court, and Ms. Garl filed a Motion to Dismiss. Pursuant to W.R.A.P. 12.09(b), the district court certified the petition and the motion to this court. We deny Ms. Garl's Motion to Dismiss and affirm the hearing examiner's order awarding benefits.

## ISSUES

[¶ 2] The division raises these issues:

1. Did the Hearing Examiner err in finding that Appellee's injury did not occur over a substantial period of time?

2. Did the Hearing Examiner err in finding that Appellee established by clear and convincing evidence that neither her employer nor the Division [was] prejudiced by her untimely injury report?

3. Whether dismissal is required because Petitioner is not a proper party or is without standing to pursue or perfect an appeal of the final agency decision in this matter.

Ms. Garl rephrases the issues as:

I. Whether dismissal is required because Appellant/Petitioner is not a proper party or is without standing to pursue or perfect an appeal of the final agency decision in this matter?

II. Whether the order finding compensable injury entered by the hearing examiner is supported by substantial evidence and is in accordance with law?

## FACTS

[¶ 3] Ms. Garl was employed by the Wyoming Game and Fish Department (the employer). As part of her duties in July 1999, she lifted and moved several heavy computers over a period of two to four weeks. About a week after this project began, she suffered severe pain in her right shoulder. Ms. Garl testified that she notified her supervisor and others at work that her shoulder hurt. By September 1999, the pain had not subsided. Accordingly, Ms. Garl made the first available appointment with a physician, which was on September 29, 1999.

[¶ 4] Six years prior, Ms. Garl had suffered an injury to the same shoulder when it was hyperextended and partially dislocated. She underwent six weeks of therapy to improve her condition, which included muscle strengthening. She testified that, in the interim, she had not suffered any further pain or problems with her shoulder until the most recent injury occurred at work. The physician diagnosed Ms. Garl with an aggravation of a preexisting condition. The next day, Ms. Garl sought worker's compensation benefits and filed an injury report with the employer. On October 8, 1999, Ms. Garl successfully underwent surgery to repair her shoulder.

[¶ 5] The division denied benefits on October 5, 1999. In its Final Determination, the division contended Ms. Garl could not meet her burden of proof, her injury did not meet the required definition, the injury was preexisting, and she failed to timely report to her employer and timely file an injury report. The case was referred to the Office of Administrative Hearings and was heard on March 23, 2000.

[¶ 6] At the hearing, the division offered a physician's testimony that Ms. Garl's injury was not work-related but rather was the

natural progression of her previous injury. The division's physician had not examined Ms. Garl or personally asked her about her injury. The hearing examiner found the opinion of Ms. Garl's physician more credible than the speculative opinion offered by the division's physician. The hearing examiner determined Ms. Garl proved she had sustained a material aggravation to a preexisting shoulder condition and, therefore, sustained an injury covered by the Wyoming Worker's Compensation Act. The hearing examiner also concluded the evidence did not support the division's contention that the injury occurred over a substantial period of time.

[¶ 7] Finally, the hearing examiner determined Ms. Garl knew or should have known she sustained a work-related injury when she made an appointment to seek medical treatment for her shoulder pain. Therefore, she failed to timely file an injury report. However, the hearing examiner concluded Ms. Garl showed by clear and convincing evidence that neither the division nor the employer was prejudiced in investigating her accident or in monitoring her medical treatment. The hearing examiner issued an order finding a compensable injury on April 20, 2000. The division filed a Petition for Judicial Review in the First Judicial District Court. Subsequently, Ms. Garl filed a Motion to Dismiss asserting the division was not a proper party and, therefore, did not have standing to appeal. Pursuant to W.R.A.P. 12.09(b), the district court certified all issues to this court.

## STANDARD OF REVIEW

██ [¶ 8] An administrative agency's decision certified directly to this court is reviewed under the same appellate standards applicable to the reviewing court of the first instance. *Collicott v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 2001 WY 35, ¶ 4, 20 P.3d 1077, ¶ 4 (Wyo. 2001). Our judicial review is limited to those considerations specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999) which provides in pertinent part:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

. . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

 [¶ 9] The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. *Collicott,* ¶ 4. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. *Id.* We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Id.*

## DISCUSSION

### A. Occurrence of the Injury

██ [¶ 10] The first question is whether Ms. Garl was required to prove the elements of a single occurrence injury or an injury which occurred over a substantial period of time. The hearing examiner found the evidence did not support the division's assertion that the injury occurred over a substantial period of time. The distinction is significant as the consequence of incurring an injury over a substantial period of time results in a higher burden of proof for the claimant. *Yenne–Tully v. Workers' Safety and Compensation Division, Department of Employment,* 12 P.3d 170, 172 (Wyo.2000). Wyo.

Stat. Ann. § 27–14–603(a) (LEXIS 1999) reads:

(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:

(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

(iii) The injury can fairly be traced to the employment as a proximate cause;

(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

[¶ 11] We note the parties' agreement that Ms. Garl's injury occurred over a two-week period and the real dispute at issue is whether that constitutes a single brief occurrence or one which occurred over a substantial period of time. The determination of whether an injury was a single occurrence injury or an injury which occurred over time is one of fact. *Murray v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 993 P.2d 327, 331 (Wyo.1999). We afford respect and deference to an administrative agency's findings of fact if they are supported by substantial evidence. *Aanenson v. State ex rel. Wyoming Worker's Compensation Division*, 842 P.2d 1077, 1079 (Wyo.1992).

[¶ 12] The legislature does not provide direction as to the distinction between what constitutes an injury that was the result of a single brief occurrence as opposed to an injury which occurred over a substantial period of time. *See* Wyo. Stat. Ann. § 27–14–503 (LEXIS 1999). *Yenne-Tully*, 12 P.3d at 172, provides this court's most extensive direction

regarding Wyo. Stat. Ann. § 27–14–603 (LEXIS 1999):

[Section] 27–14–603 was intended to require a higher burden of proof for workers claiming benefits for illnesses or injuries developing over time without a definite triggering accident or event. Such situations might include repetitive motion injuries or repeated exposure to caustic or carcinogenic substances. In contrast, we have rejected the application of § 27–14–603 when the claimant's injury was precipitated by a single, identifiable incident.

[¶ 13] We conclude there is substantial evidence to support the hearing examiner's factual findings. In the absence of legislative guidance, we are hesitant to identify an exact time line which would distinguish between an injury that was the result of a single brief occurrence as opposed to an injury which occurred over a substantial period of time. In this instance, Ms. Garl testified that she noticed pain after the first week of the project and the pain persisted. Specifically, she stated, "About a week in to installing those computers, which involved picking them up and moving them around, and big heavy boxes, my shoulder started to hurt." Her testimony suggests the injury occurred within a reasonably definite time period, which would adequately satisfy the requirement for a definite triggering accident or event. We will not require rigid temporal precision.

[¶ 14] In addition, the hearing examiner was in the best position to judge the conflicting testimony offered at the hearing. The hearing examiner's conclusion was reasonable given the speculative nature of the division's medical expert testimony, which was not based on a personal evaluation of Ms. Garl. We conclude the hearing examiner did not err in deciding that Ms. Garl's injury did not occur over a substantial period of time.

**B. Prejudice**

[¶ 15] The division argues the record demonstrates both the employer and the division were prejudiced in investigating the injury and monitoring Ms. Garl's medical treatment. Ms. Garl failed to file a report within ten days as required by § 27–14–502(a). To overcome a presumption of claim

denial for failure to timely file, Ms. Garl must show a lack of prejudice to her employer or the division in investigating the injury and monitoring medical treatment by clear and convincing evidence. Wyo. Stat. Ann. § 27–14–502(c) (LEXIS 1999). Whether a claimant has established a lack of prejudice pursuant to § 27–14–502(c) is a question of fact. *Payne v. Frontier Refining, Inc.,* 993 P.2d 313, 316 (Wyo.1999). This court will affirm the hearing examiner's findings of fact if they are supported by substantial evidence. *Beitel v. State ex rel. Wyoming Workers' Compensation Division,* 991 P.2d 1242, 1244–45 (Wyo.1999).

[¶ 16] We note our recent opinion in *Wesaw v. Quality Maintenance,* 2001 WY 17, ¶ 14, 19 P.3d 500, ¶ 14 (Wyo.2001), wherein we stated that the presumption of claim denial "does not arise unless an employee failed to report within 72 hours **and** failed to file an injury report within ten days." In this instance, the hearing examiner did not make a determination as to whether Ms. Garl satisfied the seventy-two-hour report requirement. Nevertheless, the failure to do so is of no consequence as we agree with the hearing examiner that prejudice did not exist.

[¶ 17] The fact that Ms. Garl did not seek continuing medical treatment until after she filed for worker's compensation benefits and had seen a physician only one time prior to filing for benefits was an important consideration in the prejudice determination. In addition, surgery was the only treatment recommended by Ms. Garl's physician. There is no evidence to suggest surgery would have been avoided through conservative treatment during the time period between Ms. Garl's recognition of her injury and her injury report. In fact, her treating physician stated that the only alternative procedure, an MRI, did not have the potential to improve the shoulder condition.

 [¶ 18] Finally, the division argues that, had Ms. Garl reported her injury when she first noticed pain, her employer could have altered her work assignment to avoid further damage to her shoulder. There is nothing in the record to suggest a modification of her lifting activities would have made a difference. The division's physician even

testified the damage to Ms. Garl's shoulder was initiated prior to the injury at issue. Moreover, there is evidence in the record to support Ms. Garl's assertion that she told her supervisor upon noticing pain in her shoulder. This evidence is in dispute; however, the agency as the trier of fact is charged with weighing the evidence and determining the credibility of witnesses. *State ex rel. Wyoming Workers' Safety and Compensation Division v. Conner,* 12 P.3d 707, 709 (Wyo.2000). Under all the facts and circumstances, we conclude there is substantial evidence to affirm the hearing examiner's determination that Ms. Garl rebutted the statutory presumption that her claim should be denied.

## C. Dismissal

 [¶ 19] Ms. Garl contends the division does not have standing to pursue an appeal from an award of benefits by the Office of Administrative Hearings. This issue is entitled to a *de novo* review. Wyo. Stat. Ann. § 27–14–614 (LEXIS 1999) provides in pertinent part: "The director may appeal to the district court from any order or judgment of the hearing examiner awarding compensation or declining to award compensation although he was not a party to the proceedings before the hearing examiner."

 [¶ 20] We must interpret § 27–14–614 to properly resolve whether the division has standing to appeal. This court interprets statutes by giving effect to the legislature's intent. *Beitel,* 991 P.2d at 1246. We begin by making an inquiry relating to the ordinary and obvious meaning of the words employed according to their arrangement and connection. *Id.* We give effect to every word, clause, and sentence and construe together all components of a statute *in pari materia. Id.*

[¶ 21] Ms. Garl points to the current statute, Wyo. Stat. Ann. § 27–13–101(a)(ii) (LEXIS 1999), which defines "director" as "the director of the division." Furthermore, Wyo. Stat. Ann. § 27–13–101(a)(iv) (LEXIS 1999) defines "division" as the "department of employment." Consequently, Ms. Garl reasons that the only person with standing to

appeal is the director of the department of employment, not the division.

[¶ 22] The division contends "Garl's argument attempts to take advantage of confusion created by the legislature's inconsistent modification of the Worker's Compensation Act." As noted by the division, prior to the Wyoming Government Reorganization Act of 1989 (WGRA), the division was part of the state treasurer's office. Wyo. Stat. Ann. § 27–12–102(a)(v) (Michie 1983); 1989 Wyo. Sess. Laws ch. 139, § 1. At that time, the director was defined as "the director of the division." Wyo. Stat. Ann. § 27–12–102(a)(iv) (Michie 1983). Pursuant to the WGRA, the division was assigned to the department of employment. Wyo. Stat. Ann. § 9–2–2002(d)(i) (LEXIS 1999); 1989 Wyo. Sess. Laws ch. 139, § 1. The WGRA defined "director" as "the administrative head of a department." Wyo. Stat. Ann. § 9–2–1703(a)(vi) (LEXIS 1999); 1989 Wyo. Sess. Laws ch. 138, § 1. Concurrently, the legislature defined "administrator" as "the administrative head of a division within a department." Wyo. Stat. Ann. § 9–2–1703(a)(i) (LEXIS 1999); 1989 Wyo. Sess. Laws ch. 138, § 1. It is apparent that the legislature failed to change the references to "director" in the current form of the Wyoming Worker's Compensation Act to "administrator." There is no question the division itself was a proper party with standing to appeal. Upon review of the applicable statutory provisions and the legislative history, we conclude the Petition for Judicial Review was properly brought before this court.

[¶ 23] Ms. Garl's Motion to Dismiss is denied, and the hearing examiner's order awarding benefits is affirmed.