2017 WY 100

**Jeremy NUNAMAKER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**S-16-0271**
**S-16-0272**

Supreme Court of Wyoming.

September 1, 2017

Representing Appellant: Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Darrell D. Jackson, Director, Kevin T. Farrelly, Student Director, and Paige N. Hammer, Student Intern, Prosecution Assistance Program, University of Wyoming, College of Law. Argument by Ms. Hammer.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

BURKE, Chief Justice.

[¶1] Appellant, Jeremy Nunamaker, was convicted of two counts of sexual abuse of a minor in the first degree and two counts of sexual abuse of a minor in the second degree. On appeal, he claims the district court erred in instructing the jury on the elements of the crime of sexual abuse of a minor in the first degree. We agree that the instructions were erroneous. We affirm, however, because the errors were not prejudicial.

## ISSUE

[¶2] Appellant raises one issue: Did the district court improperly instruct the jury on the two counts of sexual abuse of a minor in the first degree? The State asserts that Appellant's claim is barred as invited error.

## FACTS

[¶3] On September 15, 2014, an Information was filed charging Appellant with two counts of sexual abuse of a minor in the second degree.[1] In the first count, the State alleged that Appellant had engaged in sexual contact with a minor, G.S., "by rubbing G.S.'s vagina with his hand." In the second count, the State alleged that Appellant had engaged in sexual contact with G.S. "by touching G.S.'s breast." On April 21, 2015, a separate Information was filed charging Appellant with two counts of sexual abuse of a minor in the first degree.[2] In both counts, the State alleged that Appellant had inflicted sexual intrusion on a minor, D.S., "by fondling or touching D.S.'s vagina and inserting his finger into D.S.'s vagina." The district court joined the two cases for trial.

[¶4] On the third day of the four-day trial, the district court convened a jury instruction conference. The proposed jury instruction regarding the first count of sexual abuse of a minor in the second degree listed these elements of the crime:

1. On or between the 1st day of February, 2014 and the 28th day of February, 2014;
2. In Laramie County, Wyoming;
3. The Defendant, Jeremy Nunamaker;
4. Engaged in sexual contact with G.S. (YOB 1999);
5. G.S. (YOB 1999) was less than eighteen (18) years of age;
6. The Defendant was G.S.'s (YOB 1999) legal guardian; and
7. The Defendant was at least eighteen (18) years of age.

The proposed jury instruction defining the elements of the second count of sexual abuse of a minor in the second degree was identical, except that it asserted different dates for the alleged crime.

[¶5] Defense counsel expressed concern that while the counts involved "two different types of contact," the proposed instructions made no distinction between the two. To make the instructions "more specific," she suggested revising the first instruction by adding "touching her vaginal area or genital area" to the fourth element of the first instruction. The district court responded:

Let's talk about that then because it would seem that the best place to look would be the language in the Information. And the Information in Count I in the "to wit" section alleges by rubbing GS's vagina with his hand.

Counsel for both parties accepted the district court's suggestion, and the fourth element was altered to include "Engaged in sexual contact with G.S. (YOB 1999) by rubbing G.S.'s vagina with his hand." The jury instruction for the second count of sexual abuse of a minor in the second degree was similarly revised by adding "by touching G.S.'s breast" to the fourth element.

[¶6] When the conference reached the proposed elements instruction for the first count of sexual abuse of a minor in the first degree, defense counsel suggested keeping the instructions "consistent throughout" by again identifying "the specific conduct." The dis-

1. Appellant was also charged with a count of sexual abuse of a minor in the third degree. This count was dismissed before trial.

2. A third count of sexual abuse of a minor in the first degree was dismissed near the end of the trial.

trict court repeated its suggestion to use the "exact verbiage from the Information," and both parties accepted the suggestion. Accordingly, the fourth element in this instruction was amended to include "Inflicted sexual intrusion upon D.S. (YOB 2000) by fondling or touching D.S.'s vagina and inserting his finger into D.S.'s vagina." The proposed jury instruction for the second count of sexual abuse of a minor in the first degree was revised by adding the same phrase, "by fondling or touching D.S.'s vagina and inserting his finger into D.S.'s vagina." Neither party objected to these revisions, and the district court gave the revised instructions to the jury before it deliberated on the charges against Appellant.

[¶7] The jury found Appellant guilty on both counts of sexual abuse of a minor in the second degree and on both counts of sexual abuse of a minor in the first degree. The district court entered Judgment against Appellant on all counts and imposed a lengthy prison sentence. Appellant filed this appeal challenging his conviction on the two charges of sexual abuse of a minor in the first degree.

## DISCUSSION

[¶8] Because the issue is potentially dispositive, we begin with the State's assertion that Appellant's claim of erroneous jury instructions is barred under the doctrine of invited error. We have previously recognized that "[t]he doctrine of invited error prohibits a party from raising on appeal alleged trial court errors that were induced by that party's actions." *Toth v. State*, 2015 WY 86A, ¶ 45, 353 P.3d 696, 710 (Wyo. 2015) (quoting *McIntosh v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 135, ¶ 54, 311 P.3d 608, 621 (Wyo. 2013) (internal quotation marks omitted)). The State contends that Appellant invited the alleged error by proposing and failing to object to the jury instructions he now challenges. On that basis, it claims Appellant is barred from raising his objections on appeal.

■ [¶9] In *Toth*, ¶ 45, 353 P.3d at 710-11, we refined our analysis of the invited

error doctrine, recognizing that application of the doctrine depends upon whether an appellant "intentionally relinquished or abandoned a known right." We explained that "[f]orfeiture is the failure to make a timely assertion of a right, whereas waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993))). A waived error is not subject to appellate review. *Toth*, ¶ 45, 353 P.3d at 710 (citing *United States v. Cornelius*, 696 F.3d 1307, 1319-20 (10th Cir. 2012)). As further explained in *Perez*:

> Forfeiture is the failure to make a timely assertion of a right, whereas waiver is the "intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733, 113 S.Ct. at 1777 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). Forfeited rights are reviewable for plain error, while waived rights are not. *Id.*

*Perez*, 116 F.3d at 845.

■ [¶10] In the case before us now, Appellant proposed the idea that the instructions should be more specific. However, it was the district court's suggestion to make the instruction more specific by taking language directly from the Information. Based on the transcript of the jury instruction conference, it is apparent that defense counsel, the prosecutor, and the district court were all unaware that the language taken from the Information and inserted into the jury instructions did not match the language of the statute defining the crime of sexual abuse of a minor in the first degree. Because Appellant was unaware of the alleged error, we cannot conclude that he intentionally relinquished a known right.

■ [¶11] Appellant did not waive the claim. Rather, he forfeited it by failing to preserve it and, accordingly, his claim is subject to review for plain error. *Vaught v. State*, 2016 WY 7, ¶ 35, 366 P.3d 512, 520 (Wyo. 2016).[3] " 'Plain error exists when: 1)

---

**3.** In *Vaught*, we suggested that "[t]here is an exception [to the doctrine of invited error] for an

error which is 'necessarily prejudicial.' " *Id.*, ¶ 34 n.11, 366 P.3d at 520 n.11 (quoting *Toth*, ¶ 47,

the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him.'" *Guy v. State*, 2008 WY 56, ¶ 9, 184 P.3d 687, 692 (Wyo. 2008) (quoting *Talley v. State*, 2007 WY 37, ¶ 9, 153 P.3d 256, 260 (Wyo. 2007)).

[¶12] As reflected in the Facts section above, the errors alleged by Appellant are clearly set forth in the record. With regard to the rule of law, a trial court is given wide latitude in instructing the jury, but it commits reversible error if the instructions do not correctly state the law. *Knospler v. State*, 2016 WY 1, ¶ 22, 366 P.3d 479, 485 (Wyo. 2016). We therefore recognize a clear and unequivocal rule that jury instructions must correctly state the law. The next question is whether the jury instructions at issue transgressed that rule.

[¶13] Appellant was convicted of two counts of sexual abuse of a minor in the first degree in violation of Wyo. Stat. Ann. § 6-2-314(a)(i) (LexisNexis 2013). The statute lists, as one element of this crime, that the defendant "inflict[ed] sexual intrusion on a victim." The term "sexual intrusion" is defined in Wyo. Stat. Ann. § 6-2-301(a)(vii) to mean "[a]ny intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification or abuse" or "[s]exual

intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission."

[¶14] In Appellant's case, Jury Instruction No. 15 listed as an element of the crime of sexual abuse of a minor in the first degree that the defendant "[i]nflicted sexual intrusion upon D.S. (YOB 2000) by fondling or touching D.S.'s vagina and inserting his finger into D.S.'s vagina." Instruction No. 16 was identical to Instruction No. 15 except with different dates. Instruction No. 17 defined the term "sexual intrusion" in language identical to the statutory definition.

[¶15] Appellant contends that Instructions 15 and 16 "were erroneous in that they instructed the jury that sexual intrusion could be committed by fondling or touching the vagina of the alleged victim." He asserts that, given the statutory definitions, fondling or touching may constitute "sexual contact,"[4] but not sexual intrusion. On this basis, he claims that the jury was improperly instructed as to the elements of sexual abuse of a minor in the first degree.

[¶16] We agree. Sexual intrusion is an element of the crime of sexual abuse of a minor in the first degree. The statutory definition of sexual intrusion does not include fondling or touching. The two instructions that required the State to prove Appellant "[i]nflicted sexual intrusion upon D.S. (YOB 2000) by fondling or touching D.S.'s vagina" are incorrect statements of the law. Appellant has demonstrated that the instructions transgressed a clear and unequivocal rule of law.

[¶17] However, we cannot conclude that the erroneous instructions prejudiced Appel-

353 P.3d at 711 (quoting *Snow v. State*, 2009 WY 117, ¶ 26, 216 P.3d 505, 513-14 (Wyo. 2009))). That statement is at odds with our decision in *Toth*, where we held that invited error that rises to the level of waiver is not reviewable on appeal. If the error has been waived, we do not address prejudice. *Toth*, ¶ 47, 353 P.3d at 711 (Mr. Toth "waived his right to appellate review. Under such circumstances, the alleged error is not reviewable and we do not reach the question of whether Mr. Toth was necessarily prejudiced."). Prejudice remains a part of the plain error analysis where the invited error was "forfeited" rather than "waived."
We would also note that prejudice attributable to a waived error may be considered in a different

context. For example, a waived error may be considered in addressing an ineffective assistance of counsel claim. *See United States v. Baldwin*, 987 F.2d 1432, 1438 (9th Cir. 1993) ("Although the invited error doctrine precluded us from evaluating the claim of instructional error as an independent basis for reversal, we now address it as a predicate to resolving Baldwin's claim of ineffective assistance.").

4. "Sexual contact" is an element of the crime of sexual abuse of a minor in the second degree. Wyo. Stat. Ann. § 6-2-315(a)(iii). It is defined to include "touching ... of the victim's intimate parts." Wyo. Stat. Ann. § 6-2-301(a)(vi).

lant. The instructions required the State to prove Appellant had inflicted sexual intrusion "by fondling or touching D.S.'s vagina *and* inserting his finger in D.S.'s vagina." (Emphasis added.) The word "and" is conjunctive. *Prickett v. Prickett*, 2007 WY 153, ¶ 11, 167 P.3d 661, 664 (Wyo. 2007) (citing *Clark v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 968 P.2d 436, 438 (Wyo. 1998)).

> Webster's recognizes that the word "and" is "used in logic as a sentential connective that forms a complex sentence which is *true only if both constituent sentences are true*." Webster's New Collegiate Dictionary 43 (1977) (emphasis added). The use of the conjunctive "and" thus requires both ... conditions to be met.

*Prickett*, ¶ 11, 167 P.3d at 664. The jury could find Appellant guilty only if it found that he both: (1) fondled or touched D.S.'s vagina; *and* (2) inserted his finger in D.S's vagina.[5] In order to convict Appellant, the State had to prove more than the statute required. Appellant was "afforded ... greater protection" because the State was "required to prove more facts to meet its burden of proof." *Sanchez v. State*, 751 P.2d 1300, 1308 (Wyo. 1988), *overruled on other grounds by Bean v. State*, 2016 WY 48, ¶ 61, 373 P.3d 372, 391 (Wyo. 2016). The erroneous instructions did not work to Appellant's prejudice. We conclude that Appellant has not demonstrated plain error, and we affirm.

---

**5.** In oral argument, counsel for Appellant offered an alternative interpretation of the erroneous instructions. He suggested that the jury could have found Appellant guilty if he: (1) fondled D.S.'s vagina; or (2) touched and inserted his finger in D.S.'s vagina. Appellant's interpretation is contrary to the structure of the language used in the instructions, which sets "fondling or touching D.S.'s vagina" together as one element, and "inserting his finger into D.S.'s vagina" as a second and separate element.