**F. Mel WHITNEY, Plaintiff,**

v.

**The BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, Defendant.**

**No. 15682.**

Supreme Court of Utah.

Oct. 3, 1978.

The evidence is unrefuted (and appellant does not even deny) that appellant filed a series of claims with Employment Security in which he understated his income from employment. The forms were filed so shortly after the periods they covered that the true facts must have been fresh in appellant's mind. His own testimony is not that he was confused as to the facts but that he was in deep emotional distress and that he felt a strong compulsion to repay his son for support his son had provided.

Appellant's principal argument is that the sanctions of the Employment Security Act against fraudulent claims should not be invoked in his case because he was, at the times he filed the claims, mentally or emotionally ill. At the very least, appellant further argues, the people processing his claim were under obligation fully to investigate his emotional and mental states before proceeding with disqualification. This Court has heretofore held that the intent to defraud is inherent in the claims themselves which contain false statements and the filing of the claim is itself a manifestation of intent to defraud.[1]

Lionel M. Farr, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Floyd G. Astin, Asst. Atty. Gen., K. Allan Zabel, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

ELLETT, Chief Justice:

We here review proceedings before the Department of Employment Security which resulted in appellant's disqualification to receive unemployment compensation and an overpayment assessment against him. The specific sanction employed by Respondent Board of Review is provided by Section 35-4-5 of the Employment Security Act. Appellant claims no failure of the Department to follow statutory procedure in invoking the sanction.

Included in the record as a part of the evidence on which respondent made its decision is a psychiatric evaluation of appellant prepared by the Salt Lake Veterans' Hospital staff at approximately the time appellant was filing inaccurate claim forms. The evaluation report classifies appellant as neurotic and antisocial, but it also notes that his intelligence is in normal range and his memory for both recent and remote events is intact. Such an evaluation does not provide a basis for reversing respondent's decision. The Act itself does not require a psychiatric investigation of every person who is the subject of a disqualification proceeding, and we hold there is no inherent obligation to make one. It is an applicant's responsibility to present any evidence of mental incapacity which would

1. *Martinez v. Industrial Commission,* Utah, 576 P.2d 1295 (1978); *Mineer v. Board of Review,* Utah, 572 P.2d 1364 (1977).

constitute a defense of his conduct, and there are resources provided at public expense for the mentally ill who cannot obtain psychiatric attention otherwise.

 This Court has often stated that the determinations of expertly staffed administrative agencies will not be disturbed unless there is no real basis in the evidence to support them.[2] There is such supporting evidence in this record, and respondent's action is affirmed.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

2. U.C.A., 1953, Section 35-1-85.