In the Matter of the Worker's Compensation Claim of Joe CRONK, Sr., Appellant (Employee–Claimant),

v.

The CITY OF CODY, Appellee (Employer–Objector),

and

State of Wyoming, ex rel., Wyoming Worker's Compensation Division, Appellee (Objector).

No. 94–201.

Supreme Court of Wyoming.

June 21, 1995.

Dick L. Kahl, Powell, for appellant.

Robert D. Olson, Cody, for City of Cody.

Richard J. Albanese, Sp. Asst. Atty. Gen., Powell, for Worker's Compensation Div.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellant, Joe Cronk, Sr. (Cronk) appeals from the district court's reversal of a worker's compensation award. Appellant claims that the district court erred in concluding that his injury was not work related.

We affirm.

Appellant presents two issues:

1. The Hearing Officer's determination that Appellant suffered a work related injury is supported by substantial evidence, is in accordance with law and is not arbitrary capricious, nor an abuse of discretion.

2. The District Court improperly reweighed the evidence presented at the contested hearing and thus its decision must be reversed.

Appellee objectors, the City of Cody and the Worker's Compensation Division, articulate three issues:

1. Whether the Hearing Officer's findings of fact and conclusions of law were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law and thus unlawful under Wyoming Statute Section 16–3–114(c)(ii)(A)?

2. Whether the Hearing Officer's determination that Appellant incurred a work related injury was unsupported by substantial evidence in the record and thus unlawful under Wyoming Statute Section 16–3–114(c)(ii)(E)?

3. Whether the Administrative Hearing Officer properly construed and applied the statutory requirements of Wyoming Statute Sections 27–14–502 and 27–14–503?

## FACTS

At the time of his injury, Cronk was employed by the City of Cody as a police officer. Cronk, off-duty at the time, was injured while working out in a gym located in the Law Enforcement Center.

At the hearing, testimony showed that officers were not required to use the gym or engage in any kind of fitness program as a condition of employment. The gym, in the same building as the police department, was available for use to employees, and their family members, of the police office, sheriff department, fire department, and search and rescue. Use of the gym was strictly on a voluntary basis.

The hearing officer concluded that a nexus between Cronk's injury and his employment existed entitling him to an award of benefits. The hearing officer noted that Cronk was off-duty at the time of the injury; however, he concluded that because the gym was located in the same building as the police department and because Cronk worked out to be a better police officer, there was a sufficient nexus between the employment and the injury.

On appeal, the district court disagreed and concluded that there was not a nexus between the injury and Cronk's employment. Claiming that the hearing officer's decision was supported by substantial evidence and that the district court improperly reweighed the evidence, Cronk now appeals.

## STANDARD OF REVIEW

When we review an agency decision, we are not bound by the conclusions reached by the district court. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994). Our review is as if the case came directly to this court from the agency in the first instance. *Id.*

The requirement that a nexus exist between the injury and the course of employment is derived from W.S. 27–14–102(a)(xi) (1991):

"Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, *arising out of and in the course of employment* while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.

(Emphasis added.) Whether a nexus exists between an injury and the course of employment is a question of fact. *Stuckey v. State ex rel. Worker's Compensation Div.*, 890 P.2d 1097, 1099 (Wyo.1995). Thus, our standard on review is for substantial evidence. *Id.* Substantial evidence is such relevant evidence which a reasonable mind might accept in support of an agency's conclusion so long as it is more than a mere scintilla of evidence. *Worker's Compensation Claim of Taylor v. State ex rel. Worker's Compensation Div.*, 890 P.2d 559, 561 (Wyo.1995).

### DISCUSSION

 In *Bearden v. State ex rel. Worker's Compensation Div.*, 868 P.2d 268 (Wyo.1994) the claimant was injured while leaving her home to deliver a performance evaluation to her employer. We upheld the hearing examiner's determination that the claimant was not injured in the course of her employment because there was no evidence in the record that her employer required her to hand deliver the evaluation. *Bearden*, 868 P.2d at 269.

Similarly, there is no evidence in this record that the police department required its officers to use the gym facility or even to work out. To the contrary, all of the evidence is that there were no such requirements and that the use of the gym was totally voluntary on the part of any officer. Cronk was not in a place his employer required him to be; therefore, Cronk was not in the course of his employment. *Bearden*, 868 P.2d at 269.

Undoubtedly, certain activities, such as maintaining physical fitness in a job that requires a lot of physical exertion, would enhance an employee's performance of his job and benefit his employer. However, if an employer does not require its employees to engage in such activities as a condition of employment, then those activities cannot be in the course of employment. W.S. 27–14–102(a)(xi).

### CONCLUSION

There was not substantial evidence to support the hearing officer's conclusion; therefore, the district court did not err in reversing that decision and denying benefits.

The district court is affirmed.