In the Matter of the Worker's Compensation Claim of Wayne C. DeWALL, Appellant (Petitioner/Employee–Claimant),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent/Objector–Defendant).

No. 97–260.

Supreme Court of Wyoming.

June 22, 1998.

Robert A. Nicholas of Nicholas Law Office, LLC, Riverton, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Wayne DeWall (the claimant) appeals from the district court's order which affirmed the hearing examiner's decision to deny his claim for worker's compensation benefits.

We affirm.

### ISSUES

The claimant presents the following issues for our review:

1. Is the decision of the hearing [examiner] arbitrary, capricious, or otherwise not supported by the evidence, and contrary to law?

2. More specifically, does the Order incorrectly set forth fundamental uncontroverted facts and thereby arbitrarily deny [the claimant] worker['s] compensation benefits?

### FACTS

The claimant worked for the Jackson Hole Ski Corporation (the employer) as a ski instructor for physically challenged skiers. The claimant himself was physically challenged, having lost his right leg in 1976 as a result of an automobile accident.

The physically challenged program was set up so that the instructors who were scheduled to teach on a particular day reported to the chalet for the morning line up. When physically challenged individuals were signed up for lessons, the instructors taught and were paid an hourly wage. When no physically challenged people were in need of lessons, the instructors were free to do whatever they wanted until one o'clock in the afternoon unless someone requested a

lesson before the afternoon line up was held, in which event a supervisor would contact an instructor, directing him to report to the ski school to give the lesson. At the afternoon line up, if students were waiting for lessons, the instructors would take them up on the mountain and give them special instruction. If no students were waiting, the instructors would be free for the rest of the day unless they were notified that they were needed to teach late arrivals. The supervisors had more responsibility in that they were required to remain in close contact with the ski school throughout the day so that, if someone showed up at an off hour in need of a lesson, they could attempt to arrange for an instructor to give the lesson. The instructors were paid a wage for the time that they spent teaching lessons and were given free ski passes for showing up when no students had signed up for a lesson.

On December 11, 1995, the claimant reported to the morning line up to find out whether he would be needed to teach a lesson. His services were not required that morning, so he went skiing with a friend. While he was skiing, he felt a pop and immediate tightening in his lower back. He tried to stretch it out and continued to ski. He later felt another pop and more tightening in his lower back. At that point, he decided to quit skiing for the day.

On December 16th, the claimant went skiing again. Although he felt another pop in his back, he stretched and continued to ski. His back subsequently went into spasms, and he collapsed on the trail. After about ten minutes, he was able to ski to the clinic at the bottom of the mountain.

The claimant filed an injury report on January 23, 1996, requesting benefits for the December 11th injury. On January 30, 1996, the Division of Workers' Safety and Compensation (the division) denied the claimant's request for benefits, reasoning that the injury did not occur while the claimant was working. A hearing was conducted, and the hearing examiner denied the claim for worker's compensation benefits. The claimant sought review in the district court. The district court affirmed the hearing examin-

er's decision, and the claimant appeals to this Court.

## DISCUSSION

■ The claimant contends that he was injured in the course of his employment because skiing between lessons enabled him to maintain his skills, stay physically fit, and become familiar with the snow conditions in case he needed to take a student up on the mountain for a lesson. The division counters that the claimant was not on duty when he was injured because he was not teaching and because he was not required to ski between line-up calls.

■ Judicial review of an agency's action is governed by Wyo. Stat. § 16–3–114(c) (1997). W.R.A.P. 12.09(a). Whether or not an employee's injury occurred in the course of his employment is a question of fact. *Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 708 (Wyo.1995). We review an administrative agency's findings of fact by applying the substantial evidence standard. *Id.* Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. 902 P.2d at 708–09. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. 902 P.2d at 709. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Id.*

To qualify for benefits, the claimant must have sustained an injury pursuant to Wyo. Stat. § 27–14–102(a)(xi) (1997). Section 27–14–102(a)(xi)(H) excludes injuries from the definition of "injury" which were incurred by an individual who was engaging in recreational activities when the injury occurred. It provides that, for purposes of compensability, an injury does not include:

 Any injury sustained while engaged in recreational or social events under circumstances where an employee was under no duty to attend and where the injury did not result from the performance of tasks related to the employee's normal job duties

or as specifically instructed to be performed by the employer[.]

Section 27–14–102(a)(xi)(H).

In *Cronk v. City of Cody,* 897 P.2d 476 (Wyo.1995), this Court considered a similar situation in which Cronk was employed as a police officer by the City of Cody. 897 P.2d at 477. Cronk injured himself while he was working out in a gym located in the Law Enforcement Center. *Id.* Although Cronk was off duty at the time of his injury, he claimed that working out made him a better police officer and that, therefore, he was injured in the course of his employment. *Id.* Because the officers were not required to use the gym or engage in any type of fitness program as a condition of their employment, we affirmed the district court's decision that a nexus between the injury and Cronk's employment did not exist and that, therefore, Cronk was not injured in the course of his employment. 897 P.2d at 477–78.

In the case at bar, the evidence indicates that the claimant was acting as a supervisor on the day that he was injured. He, however, was not technically on duty because he was not giving a lesson. Although he needed to be as available as possible, he was not required to ski as a condition of his employment unless he was instructing a student. The fact that he was wearing his uniform at the time of his injury does not convince us otherwise. The ski area implemented a policy beginning with the 1995–96 ski season which prohibited instructors from wearing uniforms except during lessons. Additionally, the claimant received a wage only if he taught a lesson.

Keeping in good physical condition, maintaining good skills as a skier, and knowing the snow conditions on any runs where the claimant might take a student would enhance his performance at his job and benefit his employer. However, because the employer did not require, as a condition of employment, its instructors to ski unless they were giving a lesson, we cannot agree that such activity was within the course of the claimant's employment even though it might have made him better at his job.

The claimant asserts that the hearing examiner "inadvertently reversed the facts when drafting his decision two months after the hearing." He claims that the hearing examiner mischaracterized the facts when he said that the claimant "appeared at the ski area on a day he was not scheduled to appear for the line up and received his free ski ticket. The fact he was there on a day that he was not regularly assigned and was not acting in a ski instructor capacity is of significance." The claimant maintains that the testimony presented at the hearing proved that he was scheduled to instruct on December 11, 1995, and that he was also the supervisor on that date.

In writing this decision, we assumed that, on December 11, 1995, the claimant was on duty as an instructor and that he was also the acting supervisor. It does not matter whether or not the claimant was scheduled to work because he was not giving a lesson when his injury occurred. His employer did not require him to ski between lessons as a condition of his employment so he was engaged in recreational activity when he was injured. That activity was outside the scope of his employment, and his injury was, therefore, not compensable.

Affirmed.