2007 WY 101

**Dulcie C. WRIGHT, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 06–223.

Supreme Court of Wyoming.

June 21, 2007.

Representing Appellant: Barbara A. Baker, Sheridan, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi J. Radosevich, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]  Dulcie Wright (Wright) appeals a district court order affirming the Office of Administrative Hearings' (OAH) denial of her claim for worker's compensation benefits on the grounds that she failed to carry her burden of establishing a compensable injury. We affirm.

## ISSUE

[¶ 2]  Wright states a single issue for our review:

Whether the decision of the Office of Administrative Hearings denying workers' [sic] compensation benefits was arbitrary, capricious, and an abuse of discretion given that the Claimant met her evidentiary burden of proof establishing that her attendance at the December 18, 2004, fundraising event was within the course and scope of her employment.

## FACTS

[¶ 3] In December 2004, Wright was employed as a cook and healthcare provider at the Buffalo, Wyoming, branch of Absaroka Head Start (Absaroka).  Head Start is a federally funded program that provides daycare services to families with limited income. Parents of children attending Absaroka are strongly encouraged to organize events to raise money for the program.

[¶ 4]  On December 18, 2004, parents held a fund-raiser at Scotty's Skate Castle in Sheridan, Wyoming.  Wright attended the event at the direction of the Buffalo site teacher, Sally Wright (no relation), and took part in the skating activities.  While skating, Wright fell and broke her leg.  Wright submitted an injury report to the Wyoming Workers' Safety and Compensation Division (Division) claiming she had suffered a work-

related injury, which Absaroka disputed. In a letter to the Division, Absaroka explained why it did not believe that Wright's injury was work related:

> When injured, Dulcie [Wright] was attending a Head Start parent activity (roller skating party) on her own time (Saturday, Dec. 18, 2004). She was not getting paid for participating, nor required to attend. Our last actual work day for the year was Friday 12/17/04 and all employees were off until January 3, 2005 on paid Holiday Leave.

[¶ 5] On January 5, 2005, the Division issued a Final Determination denying benefits, citing the statutory definition of a compensable injury found at Wyo. Stat. Ann. § 27–14–102(a)(xi)(H) (LexisNexis 2005), which excludes from coverage

> [a]ny injury sustained while engaged in recreational or social events under circumstances where an employee was under no duty to attend and where the injury did not result from the performance of tasks related to the employee's normal job duties or as specifically instructed to be performed by the employer.

Wright objected, and a contested case hearing was held before the Office of Administrative Hearings. Both Wright and the Division presented witnesses and exhibits at the hearing. The hearing examiner determined that Wright had not met her burden of proving that the injury occurred while in the course and scope of her employment, and denied her claim for benefits. Specifically, the hearing examiner found that Wright had "not shown that her attendance at [the] fund raising activity was a condition of employment imposed by her Employer." Wright sought review in the district court, which affirmed the hearing examiner's decision. This appeal followed.

## STANDARD OF REVIEW

■■■ [¶ 6] When reviewing an administrative agency order, we review the case as if it came directly from the administrative agency, affording no deference to the district court's decision. *Hicks v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2005 WY 11, ¶ 16, 105 P.3d 462, 469 (Wyo.2005);

*Newman v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo.2002). Judicial review of an agency decision is limited in scope to those matters specified in Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2005), which provides in relevant part:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> . . . .
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> . . . .
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 7] Although Wright phrases her issue in terms of an arbitrary and capricious standard of review, the appropriate standard of review in appeals where both parties to a contested case submitted evidence, as in this case, is the substantial evidence test.

> In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence.

*Cramer v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2005 WY 124, ¶ 10,

120 P.3d 668, 671 (Wyo.2005); *see also Newman*, ¶ 12, 49 P.3d at 168.

## DISCUSSION

[¶ 8]  To qualify for worker's compensation benefits, a claimant must have sustained an injury pursuant to Wyo. Stat. Ann. § 27–14–102(a)(xi) (LexisNexis 2005). "Injury" is defined as "any harmful change in the human organism other than normal aging . . . arising out of and in the course of employment while at work . . . in places where the employer's business requires an employee's presence. . . ." *Id.* An injury arises out of and in the course of employment when a causal connection exists between the injury and some condition, activity, environment or requirement of the employment. *Hanks v. City of Casper*, 2001 WY 4, ¶ 6, 16 P.3d 710, 711 (Wyo.2001); *Hepp v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 977 P.2d 682, 685 (Wyo.1999). For purposes of compensability, the term "injury" does not include

> [a]ny injury sustained while engaged in recreational or social events under circumstances where an employee was under no duty to attend and where the injury did not result from the performance of tasks related to the employee's normal job duties or as specifically instructed to be performed by the employer[.]

§ 27–14–102(a)(xi)(H).

[¶ 9]  In *Cronk v. City of Cody*, 897 P.2d 476 (Wyo.1995), this Court considered a situation in which an off-duty police officer was injured while lifting weights in a gym located in the Law Enforcement Center. Cronk claimed that maintaining his physical fitness made him a better police officer and that he was, therefore, injured in the course of his employment. *Id.* at 477. We affirmed the denial of benefits because no nexus existed between the injury and Cronk's employment. Cronk was not required to use the gym or partake in any kind of physical fitness program as a condition of his employment. *Id.* at 478.

[¶ 10]  Three years later, we affirmed the denial of worker's compensation benefits to a ski instructor who was injured while he was skiing between lessons. *DeWall v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 960 P.2d 502 (Wyo.1998). DeWall claimed that the extra skiing made him better at his job and, therefore, benefited his employer because it enabled him to maintain his skills, stay physically fit and become familiar with the snow conditions in the event he needed to take a student up the mountain for a lesson. *Id.* at 503. We held that, because the employer did not require, as a condition of employment, its instructors to ski unless they were giving a lesson, DeWall was not acting within the course of his employment at the time of the injury even though the extra skiing might have enhanced his job performance. *Id.* at 504.

[¶ 11]  We reached a similar result in *Hepp*, 977 P.2d 682. In that case, Hepp sustained a severe head injury while horseback riding outside normal working hours with a client of the employer. *Id.* at 683–84. Hepp claimed that the injury occurred in the course of her employment because she was furthering the employer's business at the time she was injured. We upheld the denial of benefits, concluding that no causal connection existed between the injury and Hepp's employment because the employer did not require Hepp, as a condition of her employment, to go horseback riding, or otherwise engage in after hour social activities with clients. *Id.* at 686–87.

[¶ 12]  Our primary focus in all these cases was whether the employee was in a place her employer required her to be and whether the employee was engaging in an activity which her employer required as a condition of her employment. Wright contends that these conditions were met because she was ordered to attend the fund-raiser by an alleged supervisor, specifically Sally Wright. The hearing examiner found otherwise. Specifically, the hearing examiner found:

> The Claimant was employed as a cook/healthcare provider who worked 35 hours per week. Pursuant to her job description, the Claimant was not required to attend fund raisers during her off time. The Employer's policies required pre-approval for any time worked in excess of 35 hours per week. The requirement for the

Claimant to attend the fund raiser was by her co-employee, Sally Wright. The Claimant admits her direct supervisor was Barb Harrich. The Claimant never inquired of her supervisor or for that matter, anyone in a supervisory capacity for the Employer as to whether she was required to attend said fund raising events. The Claimant was not paid for such attendance and knew she would not be paid for such attendance.

[¶ 13] Upon review of the record, we find substantial evidence to support the hearing examiner's findings. The hearing examiner's determination that Sally Wright was a co-employee is supported by virtually uncontradicted testimony. Wright testified that she knew that Sally Wright was not her immediate supervisor. She testified that, because Sally Wright performed certain day-to-day administrative functions, she assumed that Sally Wright possessed supervisory authority at least on a practical level. Wright acknowledged, however, that she never verified Sally Wright's actual authority. Sally Wright testified that she had no supervisory authority over Wright, and specifically had no official authority from Absaroka to require Wright to attend the fund-raiser as a condition of her employment. Finally, Elaine Laird, the director of Absaroka, testified that Sally Wright was only a teacher at the Buffalo branch and had no supervisory authority over Wright. Elaine Laird also testified that she was the only person who could have required Wright to attend the fund-raiser as a condition of her employment.

[¶ 14] The evidence also shows that Wright was an hourly employee who worked Monday through Friday, from 8:00 a.m. to 3:00 p.m., for a total of 35 hours per week. Wright needed approval from Elaine Laird for any overtime. At the time of the injury, the Buffalo branch was closed and Wright was on holiday pay. Elaine Laird expressly testified that she had not given Wright permission, let alone required her to attend the fund-raiser. She also testified that she did not approve any overtime, nor did she pay Wright for attending the fund-raiser. All objective evidence establishes that Wright was not in a place or involved in an activity required by Absaroka as a condition of her employment.

## CONCLUSION

[¶ 15] The decision of the hearing examiner is supported by substantial evidence. Wright was not required to attend the fundraiser as a condition of her employment. The district court's order upholding the hearing examiner's denial of benefits is affirmed.