2010 WY 67

In The Matter of The WORKER'S COMPENSATION CLAIM OF Raul Bejarano GOMEZ, Deceased, an Employee of Sundown, Inc.

Raul Bejarano Gomez, Deceased, by and through The Consulate General of Peru, Appellant (Claimant),

v.

State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).

No. S-09-0226.

Supreme Court of Wyoming.

May 25, 2010.

Representing Appellant: Bill G. Hibbler of Bill G. Hibbler, P.C., Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; Kristen J. Hanna, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶1] This is an appeal from a district court order affirming a determination by the Office of Administrative Hearings (OAH) denying workers' compensation benefits to the family of Raul Bejarano Gomez (Gomez) on the ground that Gomez's death was not compensable under Wyo. Stat. Ann. § 27–14–102(a)(xi) (LexisNexis 2009). We will affirm the district court and the OAH because neither committed an error of law in finding that Gomez's death did not arise out of his employment, but occurred under circumstances fitting the exception to "injury" found in Wyo. Stat. Ann. § 27–14–102(a)(xi)(H) for injuries incurred while engaged in recreational or social events.

## ISSUE

[¶2] Whether the Findings of Fact, Conclusions of Law and Order entered by the OAH, holding that Gomez's death was not an injury as defined by Wyo. Stat. Ann. § 27–14–102(a)(xi), is contrary to law?

**WYO. STAT. ANN. § 27–14–102(a)(xi)(H)**

(a) As used in this act:

. . . .

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, *arising out of* and in the course of *employment* while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. *"Injury" does not include:*

. . . .

(H) *Any injury sustained while engaged in recreational or social events under circumstances where an employee was under no duty to attend and where the injury did not result from the performance of tasks related to the employee's normal job duties or as specifically instructed to be performed by the employer;* . . . .

(Emphasis added.)

## FACTS

[¶3] The material facts are not in dispute. Gomez was employed by Sundown, Inc. as a sheepherder on the Gooseberry Creek Ranch in Washakie County, Wyoming. Gomez's brother-in-law, Sergio Ambrosio–Rojas (Ambrosio–Rojas), was similarly employed. Both men were Peruvian nationals working legally in the United States under a Sheepherder Contract through a government

program. Their primary duty was the "care and tending of sheep while on the range or pasture, for which the worker is on call 24–hours a day, 7 days a week, Sundays and holidays included." Sheepherders did not actually work 24 hours each day, but were on call, especially during lambing season, and for things such as predator control. Gomez and Ambrosio–Rojas shared a residence that was provided for them on the ranch. Gomez's death occurred during lambing season, at a time when the sheep under his care were in a pasture about a mile and a half from the residence.

[¶ 4] On April 22, 2007, Gomez and Ambrosio–Rojas, without permission, took a ranch vehicle off the ranch to help neighbors brand calves, after which they each consumed approximately three cans of beer. At about 6:00 p.m., Ambrosio–Rojas drove the two men into Worland, a nearby town, where they purchased a 30–pack case of beer. The two men began drinking on the way back to their residence, and they continued to drink throughout the night. Sometime after 10:00 p.m., they began to argue in the living room of their residence over the amount of money that Ambrosio–Rojas was sending back to Peru for his family. The argument escalated into a fight, with the men punching and kicking each other. Eventually, Ambrosio–Rojas grabbed the rifle that was provided to them for predator control and shot Gomez in the back, killing him instantly.

[¶ 5] On April 27, 2007, the Consul General of Peru in Denver filed a report of injury with the Wyoming Workers' Safety and Compensation Division (the Division). On May 31, 2007, the Division denied benefits on the ground that the injury was caused by Gomez's intoxication, and that the incident did not meet the definition of injury. The Consul General responded with a request for a contested case hearing, and the matter then was assigned to the OAH. A hearing was held on January 18, 2008.

[¶ 6] On February 18, 2008, the OAH issued its very comprehensive and well-reasoned Findings of Fact, Conclusions of Law and Order, in which it upheld the Division's final determination denying benefits. After thoroughly analyzing all of the Division's proffered theories of non-compensability, and Gomez's counter-arguments, the Hearing Examiner finally cited Wyo. Stat. Ann. § 27–14–102(a)(xi)(H) and rested his affirmance of the Division upon the conclusion that

> at the time of his injury Gomez was engaged in a recreational or social event which he was under no duty to participate in, and his injury was not the result of the performance of a task related to his normal job duties or as specifically instructed to be performed by his employer.

In addition, the Hearing Examiner noted that a claimant seeking worker's compensation benefits has the burden of proving all the essential elements of his claim, that a compensable injury must "arise out of and in the course of employment," and that such was not the case here, where the claimant "was engaged in activities which had nothing to do with his normal job duties nor was he doing anything his employer instructed [him] to do."

## STANDARD OF REVIEW

[¶ 7] Our standard for reviewing the decision of an administrative agency can be stated quite simply for the purposes of this case: (1) review is limited by the language of Wyo. Stat. Ann. § 16–3–114(c)(ii) (LexisNexis 2009); (2) we give no special deference to the decision of the district court, but treat the case as if it came directly from the agency; and (3) we review conclusions of law *de novo*. See *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶¶ 8–26, 188 P.3d 554, 557–62 (Wyo.2008).

## DISCUSSION

[¶ 8] In reaching its conclusion that Gomez's death was not compensable, the OAH relied upon the following language from *Finley v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2006 WY 46, ¶ 8, 132 P.3d 185, 188 (Wyo.2006):

> An employee-claimant in a worker's compensation case has the burden to prove all the statutory elements which comprise a compensable injury by a preponderance of the evidence. This includes establishing the cause of the condition for which compensation is claimed and proving that the

injury arose out of and in the course of employment.

An injury "aris[es] out of" the employment when a causal connection exists between the injury and the conditions under which the work is required to be performed. Under these guidelines, "if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment." An injury is not compensable if it cannot fairly be traced to the employment as a contributing cause and if it comes from a hazard that the employee would have been equally exposed to outside of the employment.

(Internal citations omitted.) In applying these principles of law to the facts of this case, the OAH reached several conclusions, including the following, which are most pertinent:

25. Gomez's counsel argues that Gomez was killed while occupying the premises where he was required to be and indeed while doing what was required of him by his employer, even though at the time of his death he was not actively tending the sheep. However, the Office has no difficulty in concluding, as argued by the Division, that at the time of his injury Gomez was engaged in a recreational or social event which he was under no duty to participate in, and his injury was not the result of the performance of a task related to his normal job duties or as specifically instructed to be performed by his employer. As noted above, injuries sustained in these circumstances is [sic] not a compensable injury. W.S. § 27–14–102(a)(xi)(H). (The typical scenario implicating this statute is one where there is an injury which occurs off-premises, such as at a park or recreational area, during a picnic or party, but the statute does not contain any such limiting language, and certainly the under-

lying policy of the statute is applicable here.)

. . . .

27. To summarize, Gomez was, at least in a general sense, where he was supposed to be at the time of his death, namely, somewhere on the ranch. Therefore there was [a] rebuttable presumption under the [p]remises rule that his injury was work related.[1] However, at the time of his injury he was engaged in activities which had nothing to do with his normal job duties nor was he doing anything his employer instructed [him] to do. He was engaged in what certainly could be characterized as a social activity, or at the very least a break from his work activities. The combat with his co-employee had nothing to do with his work, either, but was obviously due to a personal animosity between the parties. Therefore, the Office concludes that his injury did not "arise out of" his employment, as required by the Act, and that benefits should not be awarded.

■ [¶ 9] In affirming the OAH, the district court not only agreed with this legal analysis, but also determined that there was substantial evidence in the record to support the Hearing Examiner's findings. While we concur in this latter conclusion, the issue has been presented to us solely as a question of law, largely because the material facts are not disputed, and we have limited our review to that question. In prior cases denying compensation through application of the recreational or social activity exception to the definition of injury, we have found, as a matter of fact, that the employer did not require the employee to participate in the particular activity. *See Wright v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2007 WY 101, ¶ 12, 160 P.3d 1129, 1132 (Wyo. 2007) (Head Start worker injured while ice skating); *Hepp v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 977 P.2d 682, 686 (Wyo.1999) (radio station sales representative injured while horseback riding); *DeWall*

1. Wyoming has adopted a rebuttable presumption in workers' compensation cases that, under certain circumstances, injuries that occur on the work premises are compensable. *Archuleta v. Carbon County Sch. Dist. No. 1*, 787 P.2d 91, 92–

93 (Wyo.1990); *State ex rel. Workers' Comp. Div. v. Miller*, 787 P.2d 89, 90 (Wyo.1990). We agree with the Hearing Examiner that this presumption was rebutted in the instant case.

*v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 960 P.2d 502, 504 (Wyo.1998) (ski instructor injured skiing between lessons); and *Cronk v. City of Cody*, 897 P.2d 476, 478 (Wyo.1995) (police officer injured while working out in a gym). That analysis would also apply to the facts of this case.

[¶ 10] This is not a close case. To find Gomez's death compensable under these circumstances would require adoption of what would resemble a strict liability standard for cases where an employee is on call and on the employer's premises. That is not the law in Wyoming, where compensability requires some "nexus" between the work and the injury, as the citation above to *Finley* illustrates. *See supra* ¶ 8. *See also Huntington v. State ex rel. Wyo. Workers' Comp. Div.*, 2007 WY 124, ¶ 10, 163 P.3d 839, 842 (Wyo. 2007) (there must be a causal connection between the injury and some condition, activity, environment or requirement of the employment).

## CONCLUSION

[¶ 11] The OAH did not err as a matter of law in determining that Gomez's death was not compensable because it did not arise out of his employment, but arose while he was engaged in recreational or social events that he was not required to attend, and where his death did not result from the performance of any task related to his job duties.

[¶ 12] Affirmed.