2010 WY 48

**WYOMING DEPARTMENT OF EMPLOYMENT, UNEMPLOYMENT INSURANCE COMMISSION, Appellant (Respondent),**

v.

**JOLLEY, CASTILLO, DRENNON, LTD., d/b/a Sierra Engineering, Appellee (Petitioner).**

No. S–09–0175.

Supreme Court of Wyoming.

April 22, 2010.

Representing Appellant: Bruce A. Salzburg, Wyoming Attorney General; Matthew J. Fermelia, Senior Assistant Attorney General; William L. Weaver, Senior Assistant Attorney General. Argument by Mr. Weaver.

Representing Appellee: Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The Wyoming Department of Employment, Unemployment Insurance Commission (Commission) appeals the district court's reversal of the Commission's decision, which decision found that Jolley, Castillo, Drennon, Ltd., d/b/a Sierra Engineering (Sierra) had payroll for services performed by employees subjecting it to unemployment tax

under the Wyoming Employment Security Law (WESL), found at Wyo. Stat. Ann. § 27–3–101 (LexisNexis 2009), *et. seq.* Finding that substantial evidence exists in the record to support the Commission's decision, we will reverse the district court's decision and affirm the Commission's decision.

## ISSUE

[¶ 2]   Is there substantial evidence in the record to support the Commission's decision that Sierra had payroll for services performed by employees covered by the WESL during calendar years 2004 through 2006?

## FACTS

[¶ 3]   Sierra is a limited partnership which contracts with clients seeking to design, drill, and complete oil and gas wells in Wyoming and elsewhere.   Sierra separately contracts with its consultants to do the work requested by its clients and then links the consultants with its clients to perform the requested services.   In August of 2006, the Employer Services section of the Wyoming Department of Employment, Unemployment Tax Division (UI Tax Division) received a Joint Business Registration form from Sierra.[1]   Based on information provided in the form, the UI Tax Division notified Sierra that it had determined that Sierra had payroll for services performed in Wyoming by employees covered by the WESL and was therefore required to pay unemployment tax.[2]   Sierra appealed that determination and the Wyoming Department of Employment, Unemployment Insurance Division scheduled a contested case hearing for the matter.   The issue to be determined at the hearing was "[w]hether [Sierra] [was] liable to pay quar-

terly unemployment insurance taxes to the [UI Tax Division] in reference to certain persons performing services for [Sierra]."   The resolution of the issue turned on whether the consultants were independent contractors as set forth in Wyo. Stat. Ann. 27–3–104(b) (LexisNexis 2009)[3] or whether the consultants were Sierra's employees, which would subject Sierra to the WESL. Following the hearing, the hearing officer issued a decision concluding that Sierra did not carry its burden to prove that the consultants were independent contractors under Wyo. Stat. Ann. § 27–3–104, thus, Sierra was subject to the WESL. Sierra appealed that decision to the Commission.

[¶ 4]   On appeal, the Commission determined that some of Sierra's consultants conducted business with Sierra under separately formed entities while others conducted business as individuals.   Consequently, the Commission determined that the case needed to be remanded in order for the hearing officer "to review the actual contracts the employer had with consultants who are individuals." Furthermore, the Commission instructed the hearing officer to "take additional evidence and testimony relative to the subpoenaed contracts and payment records as to whether the services performed under each contract qualify as employment pursuant to the applicable sections of [WESL]." On remand, the hearing officer reviewed the contracts and payroll records relating to Sierra's consultants as instructed by the Commission.   It is important to note that the hearing officer determined that an audit of Sierra's employment records had been performed by the UI Tax Division, which will be discussed more

---

1.   Sierra completed a Joint Business Registration form in order to obtain a Certificate of Good Standing from the Unemployment Insurance Tax Division.

2.   The purpose of the WESL "is to lighten the economic load created by *involuntary unemployment* ... " by "... creating unemployment reserve accounts to be used for the benefit of persons *unemployed through no fault of their own.*"   *Casper Iron & Metal, Inc. v. Unemployment Ins. Comm'n of Dep't of Employment,* 845 P.2d 387, 393–94 (Wyo.1993) (emphasis in original).

3.   Wyo. Stat. Ann. 27–3–104(b) provides:

(b) An individual who performs service for wages is an employee for purposes of this act unless it is shown that the individual:
(i) Is free from control or direction over the details of the performance of services by contract and by fact;
. . . .
(v) Represents his services to the public as a self-employed individual or an independent contractor; and
(vi) May substitute another individual to perform his services.

below.[4] The hearing officer's decision grouped Sierra's consultants that were paid for services by Sierra, between the years 2004 and 2006, into three general categories and then made individual findings of fact and conclusions of liability in respect to each individual consultant. The three categories were: (1) consultants that conducted business as a separate business entity; (2) consultants that conducted business as individuals but the record did not contain a written contract for services with Sierra; (3) consultants that conducted business as individuals and the record contained a written contract for services with Sierra. The hearing officer also made separate findings in respect to numerous other individual consultants. The hearing officer determined that wages paid to consultants in the first category, those that conducted business as a separate business entity, were not subject to the unemployment insurance tax because they are not "individuals" as defined by Wyo. Stat. Ann. § 27-3-104. Regarding the second category of consultants, the hearing officer determined that Sierra failed to meet its burden of proving that they were independent contractors, in part, because none of the consultants had written contracts with Sierra. Moreover, the only evidence supporting Sierra's contention that these consultants were independent contractors was affidavits submitted by the consultants, essentially attesting that they were independent contractors, which the hearing officer deemed to be "not probative, trustworthy, or credible." Finally, in respect to the third category of consultants, the hearing officer determined that they "were not free from direction or control, did not represent themselves to the public as self-employed individuals, and could not substitute another individual to perform their services." Sierra appealed the hearing officer's decision to the Commission.

[¶ 5] After its review, the Commission concluded as follows:

Contrary to the hearing officer's decision, we find that [the] UI Tax [Division] did not conduct an audit of Sierra's payments to consultants for the calendar years 2004 through 2006. In view of the fact that no audit has been made in this matter, we conclude that it is beyond the scope of this appeal for the Commission to make findings of fact and conclusions relative to specific consultants and the amount of remuneration they received from Sierra as a result of services performed by those consultants in Wyoming beginning January 1, 2004.

The Commission determined *inter alia* that Sierra did not direct and control every detail of the services performed by consultants, but Sierra did control at least some significant details; Sierra failed to prove by a preponderance of the evidence that all of its consultants represented themselves as independent contractors; and Sierra's consultants could substitute another individual to perform their services with the consent of Sierra and/or Sierra's client. The Commission further found that evidence in the record relating to eight specific consultants "fail[ed] to support Sierra's contention that all of its consultants are independent contractors." Accordingly, the Commission concluded that "Sierra had payroll for services performed in Wyoming by employees covered by [the WESL] during calendar years 2004 through 2006." Sierra appealed the Commission's decision to the district court.

[¶ 6] On appeal, the district court reversed the Commission's and hearing officer's decisions on the ground that "Sierra presented, at a minimum, a prima facie case. . . . It is at this point that the burden of production shifted to the Division to rebut Sierra's contentions. *Bando v. Clure Bros. Furniture*, 980 P.2d 323, 330 (Wyo.1999).

4. Audits of an employer's records are conducted to verify an employer's compliance with the WESL.

Any unreported payments made to an individual, as found in an audit of an employing unit's records, shall be presumed to be unreported "wages" unless documentation is provided by the employing unit that the indi-

vidual meets the statutory requirements of W.S. 27-3-104(b) as an independent contractor/self employed individual. The burden is upon the employing unit to provide such documentation.

Dep't of Employment Unemployment Tax Division/Unemployment Ins. Comm'n Rules and Regulations, Ch. 11, Sec. 2(a), (b) (2010).

The Division did not carry its burden." This appeal by the Commission timely followed.[5]

## STANDARD OF REVIEW

[¶ 7] When considering an appeal from a district court's review of an administrative agency's action, we give "no special deference to the district court's decision," but instead review the case as if it had come directly from the administrative agency. *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo. 2008). Our review of an administrative agency's action is governed by the Wyoming Administrative Procedure Act, which provides in pertinent part that the reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2009).... Questions of law are reviewed *de novo. Sheth v. State ex rel. Wyo. Workers' Comp. Div.,* 11 P.3d 375, 378–79 (Wyo. 2000). "Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law." *Bailey v. State*

*ex rel. Wyo. Workers' Safety & Comp. Div.,* 2002 WY 145, ¶ 9, 55 P.3d 23, 26 (Wyo.2002) (internal citations omitted) (quoting *State ex rel. Workers' Safety & Comp. Div. v. Garl,* 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo.2001)).

With regard to factual questions, we recently reiterated in *Dale v. S & S Builders* how the substantial evidence standard of review should be applied:

Because contested case hearings under Wyoming's Administrative Procedures Act, are formal, trial-type proceedings, use of the substantial evidence standard for review of evidentiary matters is more in keeping with the original intent of the drafters of the administrative procedures act.

Thus, in the interests of simplifying the process of identifying the correct standard of review and bringing our approach closer to the original use of the two standards, we hold that henceforth the substantial evidence standard will be applied any time we review an evidentiary ruling. When the burdened party prevailed before the agency, we will determine if substantial evidence exists to support the finding for that party by considering whether there is relevant evidence in the entire record which a reasonable mind might accept in support of the agency's conclusions. If the hearing examiner determines that the burdened party failed to meet his burden of proof, we will decide whether there is substantial evidence to support the agency's decision to reject the evidence offered by the burdened party by considering whether that conclusion was contrary to the overwhelming weight of the evidence in the record as a whole.

*Dale,* 2008 WY 84, ¶¶ 21–22, 188 P.3d at 561 (internal citations omitted).

*In re Worker's Comp. Claim of Kaczmarek,* 2009 WY 110, ¶¶ 7–8, 215 P.3d 277, 280–81 (Wyo.2009).

---

**5.** Wyo. Stat. Ann. § 27–3–506(d) (LexisNexis 2009) provides that a denial or redetermination of contribution liability, contribution rates or the charging of benefit payments by the Commission

"is final unless within thirty (30) days after notice is mailed a petition for judicial review is filed in accordance with W.S. 27–3–407."

## DISCUSSION

■ [¶ 8] As noted above, on appeal to the Commission, the Commission limited the scope of its review to determining whether there was substantial evidence in the record to support the hearing officer's general conclusion that Sierra was subject to the WESL, because it paid wages for services performed in Wyoming from 2004 through 2006. The Commission did not make specific findings and conclusions of tax liability in relation to each individual consultant, because an audit of Sierra's employment records has yet to be completed by the UI Tax Division, wherein specific liability will be determined. *See supra* ¶ 5. We agree with the Commission in this respect and note that our review is limited in the same manner.

[¶ 9] We begin with a brief overview of the relevant statutes. Wyo. Stat. Ann. § 27-3-502(a) (LexisNexis 2009) provides that "Upon its own motion or application of an employing unit and after notice and opportunity for hearing, the department may determine if an employing unit is an employer and if services performed ... qualify as employment." An "employing unit" is defined as "any individual or type of organization employing one (1) or more individuals in this state...." Wyo. Stat. Ann. § 27-3-102(a)(vii) (LexisNexis 2009). An "employer" is defined as, *inter alia*, "any employing unit ... [f]or whom a worker performs service as an employee[.]" Wyo. Stat. Ann. § 27-3-103(a)(i) (LexisNexis 2009). Most important to this appeal is Wyo. Stat. Ann. § 27-3-104(b), which states in pertinent part as follows:

(b) An individual who performs service for wages is an employee for purposes of this act unless it is shown that the individual:

(i) Is free from control or direction over the details of the performance of services by contract and by fact;

....

(v) Represents his services to the public as a self-employed individual or an independent contractor; and

(vi) May substitute another individual to perform his services.

Finally, "wage" is defined as "remuneration payable for services from any source including commissions, bonuses and cash." Wyo. Stat. Ann. § 27-3-102(a)(xviii) (LexisNexis 2009).

■ [¶ 10] The Commission's decision incorporated many findings of fact made by the hearing officer and set forth dozens of its own, relating to many of the consultants in order to show that they were employees, and not independent contractors, because they did not meet the three prongs of the independent contractor test set forth in Wyo. Stat. Ann. § 27-3-104(b). We find it unnecessary to address all of these findings because there are at least eight consultants who were undisputedly paid wages by Sierra for services performed in Wyoming between the years 2004 through 2006 and for whom there exists no evidence in the record to support a finding that they were independent contractors. We recognize that, in litigating this issue, Sierra apparently treated its consultants as a "class" of workers rather than as individuals. Consequently, at oral arguments before this Court, Sierra asserted that it was sufficient to present evidence of the three-pronged independent contractor test in relation to the consultants as a "class" and that the burden then shifted to the Commission to present contrary evidence in respect to individual consultants that the Commission claimed were not independent contractors. However, Wyo. Stat. Ann. § 27-3-104(b) states that any *"individual* who performs service for wages is an employee ... unless it is shown that the *individual"* meets the three-pronged test. (Emphasis added.) By the plain language of the statute, it is the employer's burden to prove that each *individual* consultant meets the elements of Wyo. Stat. Ann. § 27-3-104(b). Wyo. Stat. Ann. § 27-3-104(b); *see also DC Prod. Serv. v. Wyo. Dep't of Employment*, 2002 WY 142, ¶ 9, 54 P.3d 768, 772 (Wyo.2002); *Hat Six Homes, Inc. v. State, Dep't of Employment, Unemployment Ins. Comm'n*, 6 P.3d 1287, 1292 (Wyo.2000). The Commission determined that the evidence Sierra provided for at least eight consultants "fail[ed] to support Sierra's contention that all of its consultants are independent contractors." Our review of the record confirms the Commission's determination. The only evidence in the record

regarding these eight consultants are documents indicating how much each consultant was paid by Sierra and when those payments were made. Essentially these documents prove that these eight consultants were paid remuneration during calendar years 2004 through 2006, but do nothing to prove Sierra's contention that they were independent contractors. Substantial evidence exists in the record to support the Commission's decision that Sierra is subject to the WESL.

## CONCLUSION

[¶ 11] We find that the Commission's decision that Sierra had payroll for services paid in Wyoming during the years 2004 through 2006 is supported by substantial evidence in the record and that Sierra failed to meet its burden of proving that all of its consultants were independent contractors. As noted, an audit remains to be performed by the UI Tax Division to determine precisely which consultant's were in fact "employees" under the WESL and the amount of unemployment taxes Sierra owes for those "employees." Having found that there is substantial evidence in the record to support the Commission's decision, we will reverse the district court's decision, affirm the Commission's decision, and remand the case to the district court for further remand to the Commission for further proceedings consistent with this opinion.